INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 1377, Plaintiff,

v.

LEECE–NEVILLE DIVISION, SHEL-LER–GLOBE CORP., Defendant.

Civ. A. No. C 81–1529.

United States District Court, N.D. Ohio, E.D.

Oct. 29, 1982.

Arlene B. Steuer, Cleveland, Ohio, for plaintiff.

Eliot S. Azoff, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court is defendant's Motion for Summary Judgment on the Complaint and on the Counterclaim and plaintiff's Motion for Summary Judgment. For the reasons stated below, defendant's Motion for Summary Judgment is granted, and plaintiff's Motion for Summary Judgment is denied.

### I.

The relevant facts are not in dispute. This case arises out of the discharge of six employees of Leece-Neville, Cleveland Division, Sheller Globe Corporation (hereinafter "Company") for their alleged participation in a theft ring involving the loss of $325,000 worth of Company property over a 14-month period between 1979 and 1980.

A Collective Bargaining Agreement (hereinafter "Agreement"), effective June 1, 1980, until midnight May 31, 1983, exists between the Company and Local Union 1377 of the International Brotherhood of Electrical Workers (hereinafter "Union"), and governs the rights and responsibilities of these parties. Article I, Section 1 of the Agreement provides that:

Section 1. The Company has the exclusive right to manage the business and plants and to direct the working forces. In the exercise of its right, the Company shall observe the provisions of this Agreement.

It is mutually agreed that the direction and control of the Company's property, its working forces, and its operations and the establishment of Company policy and the issuance of rules and regulations is the function and responsibility of management. The rights to manage the business and plants and to direct the working forces include the right to hire employees, assign work, suspend or discharge for proper cause. . . .

The Company has issued a set of Plant Regulations pursuant to Article I, Section 1 of the Agreement. Plant Regulation 3 provides for the prompt discharge of any employee found guilty of stealing from the Company or from a fellow employee.

Article IV of the Agreement also details a grievance procedure for the Company and the Union to adjust their differences and complaints. The grievance procedure culminates in final and binding arbitration.

Pursuant to Article IV, the six discharged employees filed grievances contesting their discharges. Five of these grievances were consolidated and heard before Arbitrator Calvin L. McCoy on January 22, 23, and 28, 1981. Arbitrator McCoy issued his Opinion and Award on May 15, 1981. The language used in Arbitrator McCoy's *Discussion and Decision* on pages 44–46 of the Opinion and Award is extremely vague and unclear. The issue in this case centers around whether McCoy found the grievants innocent or guilty of the crimes of which they were accused. This litigation might have been prevented had the Arbitrator been more precise in his findings. However, this Court is compelled to hold that McCoy made an ultimate finding of guilt for each grievant.

### II.

The law to be applied in the case at bar is clear. The scope of an arbitrator's authority is limited to the terms of the collective bargaining agreement involved. In *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424

(1960), the Supreme Court held that an arbitrator may not exceed the authority given him under such an agreement:

> [A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice.

■ Thus, when the parties to a collective bargaining agreement have proscribed appropriate penalties for employee misconduct, the arbitrator must order the specific punishment for the misconduct determined. Courts have repeatedly held that the arbitrator has no authority to levy a lesser penalty. *International Brotherhood of Firemen and Oilers, AFL–CIO, Local No. 935–B v. Nestle Co., Inc.,* 630 F.2d 474 (6th Cir.1980) (employee discharged for insubordination pursuant to Agreement; arbitrator had no authority under Agreement to reinstate discharged employee); *Amanda Bent Bolt Co. v. International Union, United Automobile, Aerospace, & Agricultural Implement Workers of America, Local 1549,* 451 F.2d 1277 (6th Cir.1971) (employees discharged for violating no-strike clause of Agreement; arbitrator's award reinstating employees vacated because arbitrator exceeded authority under Agreement.) *See also, Textile Workers Union of America, AFL–CIO, Local Union No. 1386 v. American Thread Company,* 291 F.2d 894 (4th Cir.1961); *Arco Polymers, Inc. v. Local 8–74, Affiliated with Oil, Chemical and Atomic Workers International Union,* 517 F.Supp. 681 (W.D.Pa.1981).

■ In each of the above cases, the Court held that the Arbitrator is confined to a determination of whether the alleged misconduct has occurred. Once that determination has been made, the arbitrator is bound to order the penalty set by the Agreement. *Nestle Co., Inc., supra.*

■ It is very well settled that courts are generally required to refrain from reviewing the merits of an arbitrator's decision. *Storer Broadcasting Company v. American Federation of Television and Radio Artists, Cleveland Local, AFL–CIO,* 600 F.2d 45 (6th Cir.1979). A review of the merits of an arbitration award would undermine the federal policy of settling disputes by arbitration. *United Steelworkers of America v. Enterprise Wheel and Car Corp., supra.* However, the issue in the case at bar is not whether the arbitrator made a wise decision by reinstating the discharged employees, but rather, did the arbitrator exceed his authority in doing so? If the arbitrator so exceeded his authority, the Company is not bound by his final decision, and his award is unenforceable. *United Steelworkers of America v. Enterprise Wheel and Car Corp., supra.*

### III.

Thus, we reach the ultimate issue in this case: What did Arbitrator McCoy determine regarding the guilt or innocence of the grievants? McCoy states, in pertinent part, at 44–5 of his Opinion and Award:

> ... the Impartial Arbitrator is constrained to find none of the grievants totally innocent of the charges against them. The problem of prime importance is whether the "punishment fits the crime." All are not equally guilty ...
>
> This Arbitrator himself does not believe that any of the grievants is totally innocent....

This language indicates various degrees of guilt of the several accused, but guilt nevertheless. It is akin to the pregnant woman—she is either a little bit pregnant or a lot pregnant, but pregnant just the same. Furthermore, by trying to solve the problem of "whether the 'punishment fits the crime'", the Arbitrator clearly admits that a crime indeed took place.

If the Arbitrator had concluded his Opinion and Award here, the Court would have had no difficulty in holding that the grievants were found guilty. However, McCoy goes on to add, at 45:

> A careful analysis of the Company's case leads the Arbitrator to the inescapable finding and conclusion that the evidence does not meet the necessary burden of proof for discharge. Even though this Arbitrator may have very deep convic-

tions that the grievants, or some of them, are guilty, their guilt must be proven by a quantum sufficient to satisfy more than a mere surmise of guilt.

The first sentence of that quote, coupled with McCoy's earlier statements "none of the grievants [are] totally innocent" and "[a]ll are not equally guilty", leads this Court to believe that, in fact, the Arbitrator is dispensing "his own brand of industrial justice". This is because the Arbitrator has found the grievants guilty of stealing, and at the same time, has not proscribed the appropriate punishment of discharge. Even though the second sentence of the above quoted paragraph might suggest that the burden of proving guilt has not been met, this interpretation is inconsistent with the previous findings of guilt, as well as with the Arbitrator's levying of an identical penalty (nine and one half months unpaid disciplinary suspension) on each grievant if, in fact, they were not each guilty.

██ The Court has determined that the Arbitrator found each of the grievants guilty of stealing Company property. The penalty for this offense is discharge, as provided under Plant Regulation 3. The Arbitrator must order the penalty set out in Plant Regulation 3 once he determined that the grievants violated that regulation. By not adhering to the procedures set out in the Agreement between the parties, the Arbitrator exceeded the scope of his authority. The Company is not bound by the Arbitrator's decision; therefore, his award is unenforceable and must be vacated.

The Court holds that defendant's Motion for Summary Judgment on the Complaint and the Counterclaim be granted, and that plaintiff's Motion for Summary Judgment is denied. The case is dismissed at plaintiff's costs.

IT IS SO ORDERED.