COPAZ PACKING CO., Plaintiff,

v.

**UNITED FOOD & COMMERCIAL WORKERS, LOCAL 7A,**
Defendant.

No. C–1–84–87.

United States District Court,
S.D. Ohio, W.D.

Aug. 13, 1984.

J. Mack Swigert, Cincinnati, Ohio, for plaintiff.

Lee Hornberger, Cincinnati, Ohio, for defendant.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge:

This matter is before the Court on cross-motions for summary judgment. Plaintiff, Copaz Packing Company (Copaz) brought this action under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and under the United States Arbitration Act of 1947, as amended, 9 U.S.C. § 1, *et seq.*, seeking to vacate and set aside an arbitration award. Defendant, Local 7A, seeks enforcement of the arbitrator's award. As developed below, we think the arbitrator's award was rendered in excess of his authority under the collective bargaining agreement, and therefore must be vacated and set aside.

This case arises out of a labor dispute at Copaz's meat processing facility in Springdale, Ohio. Following a three-month strike at that facility, on July 25, 1983, Copaz and the Union entered into a Collective Bargaining Agreement (CBA) and a Strike Settlement Agreement (SSA). These documents were executed contemporaneously and contained the following provisions which are of significance in this case:

1. Article 17, paragraph A of the CBA provides that:

> Nothing in this agreement shall be construed as preventing the Employer from discharging an employee for just cause, but no employee covered by this agreement shall be discharged by the Employer except for just cause.

CBA Article 17, paragraph D.

2. Article 16 sets forth the applicable grievance procedure, and paragraph D thereof provides, in part, that should a grievance go to arbitration,

> The arbitrator may interpret the terms of this Agreement but shall not amend, modify, delete or alter any provisions of this Agreement.

CBA, Article 16, paragraph D.

3. Paragraph 6 of the SSA provides:

> Harassment, intimidation, or coercion by any striker against any replacement or by any replacement against any striker shall result in immediate discharge of the individual engaged in such act.

SSA, paragraph 6.

This matter came before the arbitrator on the grievance of William McCollum (grievant), a striking employee who returned to work following the execution of the CBA and SSA. Shortly after returning to work, grievant was accused of harassing and intimidating replacement workers and his employment was terminated. Grievant challenged this termination successfully before the arbitrator who concluded that grievant had committed acts of harassment and intimidation. Nevertheless, the arbitrator considered the grievant's long, satisfactory work record, and the failure of the employer to give grievant actual notice of the terms of the SSA to be mitigating factors sufficient to justify a reduction in penalty from termination to suspension without pay. Accordingly, the arbitrator ordered reinstatement with full seniority,

but without back pay. Plaintiff contends that this reduction in penalty was beyond the arbitrator's authority under the contract, and that the only arbitrable issue was whether grievant committed acts of harassment and intimidation. Defendant contends that the "just cause" provision of the CBA conferred sufficient authority on the arbitrator to support the reduction in penalty.

The question before us, is then, did the arbitrator exceed the scope of the authority conferred upon him by the CBA in passing upon the appropriateness of grievant's discharge given the express prescription, in paragraph 6 of the SSA, of that penalty for acts that the arbitrator found that grievant had committed? We address this question within the narrow confines of the standard of review of arbitration awards, which has been recently and concisely enunciated by the Sixth Circuit as follows:

> United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) established the rule that the "refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements." Id. at 596, 80 S.Ct. at 1360. Our review is limited to determining whether the award "draws its essence from the collective bargaining agreement." Id. at 597, 80 S.Ct. at 1361. As the parties "have bargained for the arbitrator's decision, not the court's," Anaconda Co. v. District Lodge No. 27 of the International Association of Machinists, 693 F.2d 35, 37 (6th Cir.1982) (per curiam), our only duty is to assure that the arbitrator delivers this bargained-for interpretation.

Industrial Mutual Association, Inc. v. Amalgamated Workers, Local Union No. 383, 725 F.2d 406, 409 (6th Cir.1984).

■■■ In determining whether the arbitrator's action was within his proper discre-

tion, it is, of course, necessary to define the boundaries of an arbitrator's discretion. An arbitrator has the authority to construe ambiguous contract provisions. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 399, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); Morgan Services, Inc. v. Local 323, Chicago and Central States Joint Board, Amalgamated Clothing and Textile Workers Union, 724 F.2d 1217, 1221 (6th Cir.1984). Also, an arbitrator has the authority to modify the sanction imposed by the employer if such authority follows from a reasonable interpretation of the agreement. Morgan Services, 724 F.2d at .1222 (citing Anaconda Co. v. District Lodge No. 27 of the International Association of Machinists, 693 F.2d 35, 37 (6th Cir.1982) (per curiam)). However, the arbitrator has no authority to ignore the plain and unambiguous language of the agreement and cannot modify the employer's sanction for the misconduct of an employee where the agreement clearly reserves to the employer the judgment of what sanctions are appropriate. See Morgan Services, 724 F.2d at 1222, and collected cases cited therein. Therefore, the issues facing us are the same as those decided by the Sixth Circuit in Morgan Services:

> if the agreement is ambiguous, the arbitrator could construe it as allowing him to modify a sanction for [harassment and intimidation]; if there is any basis for that construction in the agreement, we lack authority to alter the arbitrator's determination. On the other hand, if the agreement unambiguously allocated the power to discharge for [harassment and intimidation] solely to the Company, then the arbitrator was without power to modify the Company's sanction.

724 F.2d at 1222 (footnote omitted).[1]

The central issue in this litigation is the relationship between the just cause provi-

---

**1.** We note parenthetically that the briefs prepared by counsel as well as the able arguments of counsel have provided us with a wealth of authority. However, we confine our analysis, in large part, to a discussion of two recent Sixth Circuit cases, *Industrial Mutual Assoc.*, 725 F.2d

406 (6th Cir.1984) and *Morgan Services,* 724 F.2d 1217 (6th Cir.1984). These cases incorporate and synthesize the authority cited by counsel, and contain a thorough statement of the law in this Circuit. Furthermore, the factual cir-

sion contained in Article 17, paragraph A of the CBA, and the sanction for harassment provided in paragraph 6 of the SSA. Defendant contends that the just cause provision is broad enough, as such provisions have been construed by the courts, to confer upon the arbitrator the authority to modify the employer's sanction if convinced, after reviewing the totality of the circumstances, that the sanction is inappropriate. A similar argument was upheld by the Sixth Circuit in *Industrial Mutual Assoc.*, 725 F.2d 406, 409–10 (6th Cir.1984). There, the Court held it within the arbitrator's discretion to modify the employer's sanction under such a broad ranging proper cause analysis where the CBA contained a proper cause provision and a clear definition of the misconduct engaged in by the grievant but contained *no clear penalty for the misconduct.* The absence of any prescribed penalty was vital to the court's holding as the following language reflects.

> Since the clause does not specify the consequences of a failure to balance the accounts, it cannot be said to have a clear penalty. Accordingly, the arbitrator was entitled to conclude that the discharges could only be justified if they were for proper cause....

725 F.2d at 409.

We agree with defendant's construction of a just cause provision standing alone. However, were we to rule in defendant's favor on this basis alone, we would ignore the provision of the SSA specifically the sanction of discharge for acts of intimidation and harassment.

The presence of the express penalty in the SSA renders this case more akin to *Morgan Services*, 724 F.2d at 1217 than to *Industrial Mutual Assoc.*, 725 F.2d at 406. In *Morgan Services*, the CBA stated that no employee would be discharged without just cause. Within the same paragraph was the provision that an employee "may be discharged without regress [sic] if proven guilty of [misconduct as defined herein]." 724 F.2d at 1219, n. 4. Noting that

collective bargaining agreements are, in essence, contracts, and that words therein should be given their ordinary and reasonable meaning, 724 F.2d at 1223 (citing *Timken Co. v. Local Union No. 1123, United Steelworkers of America,* 482 F.2d 1012, 1015 (6th Cir.1973); and *Penn Packing Co., Inc. v. Amalgamated Meat Cutters and Butcher Workmen, Local 195,* 497 F.2d 888, 891 (3d Cir.1974)), the Court proceeded to set aside the arbitrator's award modifying the employer's penalty on the basis that the clear and unambiguous terms of the agreement vested the power to determine the appropriate penalty solely with the employer. 724 F.2d at 1224.

We think the holding in *Morgan Services* is controlling in this case. Here, as in *Morgan Services*, the just cause provision is qualified by a clause providing the penalty of discharge for specified misconduct. It is of no legal consequence that the qualifying language in the instant case is contained not in the CBA, but, in the SSA which was executed contemporaneously with the CBA. *See International Brotherhood of Electrical Workers, Local Union No. 1377 v. Leece-Neville Division,* 550 F.Supp. 1071 (N.D.Ohio 1982). We realize that the argument may be made that *Morgan Services* is distinguishable from the instant case due to the presence of the "without redress" language, and the reliance placed upon the language by the Sixth Circuit in arriving at its conclusion. However, we think this distinction is both superficial and unavailing to the defendant. The focus on the "without redress" language in *Morgan Services* was rendered prudent, if not necessary, by the use of the permissive language in prescribing the penalty (i.e., "An employee may be discharged ...." 724 F.2d at 1219, n. 4). In any event, the *Morgan* Court concluded that the use of permissive language was insignificant as the language clearly and unambiguously placed the sanction of discharge within the employer's discretion. In the

cumstances in these cases are of sufficient similarity to those present in the instant case to

provide valuable comparisons.

instant case, the language used in the SSA indicates that the employer has simultaneously reserved the discretion to determine the appropriate sanction for harassment and intimidation of co-workers and exercised that discretion by fixing the penalty for such misconduct at discharge.

We would also reject the argument that the just cause provision somehow overrides or qualifies the specified penalty provision, and therefore vests the arbitrator with the broad discretion attendant to a just cause provision standing alone. We think the only reasonable construction of the two provisions is that the specific penalty provision qualifies the general just cause provision, and thereby removes considerations of the appropriate penalty for harassment from the just cause analysis. Alternatively stated, the specific penalty provision removes the appropriateness of the sanction issue from the arbitrator's broad discretion under the just cause provision. Therefore, having concluded that the grievant committed acts of harassment and intimidation, the arbitrator was without authority under the CBA and SSA to pass on the appropriateness of the penalty.

In accordance with the foregoing it is hereby ordered that the plaintiff's motion for summary judgment be granted and the defendant's like motion be denied. Pursuant to this order, the arbitrator's award is vacated and set aside, and the Clerk will enter judgment for the plaintiff to that effect.

SO ORDERED.