**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TEXACO, INC., Respondent.**

**No. 80-7692.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 1981.

Decided Oct. 16, 1981.

Rehearing Denied Nov. 20, 1981.

Joseph A. Schwachter, Atty., N. L. R. B., Washington, D. C. (argued), for petitioner; Howard E. Perlstein, N. L. R. B., Washington, D. C., on brief.

William D. Evans, Los Angeles, Cal., for respondent.

Before SCHROEDER and ALARCON, Circuit Judges and HATFIELD *, District Judge.

SCHROEDER, Circuit Judge:

The NLRB found that respondent, Texaco, Inc., violated section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) when it refused to permit a union representative to participate in an interview with an employee which culmi-

* Honorable Paul G. Hatfield, United States District Judge for the District of Montana, sitting by designation.

nated in discipline of the employee. 251 NLRB No. 63, 105 LRRM 1239 (1980). The Board here seeks enforcement of its order requiring Texaco to expunge its records of the reprimand issued to the employee. Texaco's principal contentions are, first, that the interview was not an "investigatory" interview for which employees have the right to a union representative under *NLRB v. Weingarten*, 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975) and, second, that even if the employee was entitled to have a representative, Texaco fulfilled all of its obligations by permitting the representative to attend the interview and that the company was not required to permit the representative to speak. We enforce the Board's order.

The episode giving rise to the unfair labor practice charge began when a Texaco foreman, Linnell, discovered that a safety device of one employee, Deutsch, had not been activated. Linnell questioned other employees about the incident and then asked Deutsch to report to the office. Deutsch asked the acting union steward in his department to accompany and represent him at the meeting, but when they arrived, Linnell advised the union steward that he would not be permitted to say anything during the interview. Linnell then asked Deutsch whether he had violated the plant safety regulations. Upon Deutsch's affirmative reply, Linnell issued Deutsch a reprimand for failure to follow the rule and ended the meeting.

██ One of the goals of national labor policy is to protect workers' free association, self organization and choice of representatives for mutual aid or protection. *NLRB v. Weingarten*, 420 U.S. 251, 261–62, 95 S.Ct. 959, 965–66, 43 L.Ed.2d 171 (1975). For that reason, the Supreme Court has held that employees possess the right to have a union representative present at investigatory interviews with their employer where "the risk of discipline reasonably in-

heres." *Id.* at 262, 95 S.Ct. at 966. The right to the presence of a union representative does not, however, extend to a meeting which is held *solely* for the purpose of informing an employee of a disciplinary decision. *NLRB v. Certified Grocers of California, Ltd.*, 587 F.2d 449 (9th Cir. 1978); *Alfred M. Lewis, Inc. v. NLRB*, 587 F.2d 403 (9th Cir. 1978); *Mt. Vernon Tanker Co. v. NLRB*, 549 F.2d 571 (9th Cir. 1977); *Baton Rouge Water Works Company*, 246 NLRB No. 161, 103 LRRM 1056 (1979).

■ The Board in this case found that the interview was "clearly of the kind envisioned by the Court in *Weingarten* as warranting the presence of a union representative." The Board emphasized that the employer sought and secured an admission from Deutsch during the course of the interview. The Board thus found that the employer was "continuing, on a substantive basis, its investigation of the incident." Its findings are amply supported by the evidence and its legal conclusion that union representation was required is fully in accord with the law in this Circuit. *NLRB v. Certified Grocers, supra; Alfred M. Lewis, Inc. v. NLRB, supra.*

As a corollary Texaco asserts that, even if the interview was investigatory, the reprimand should remain in Deutsch's record because the decision to discipline was made before the interview and did not in fact rest to any degree on the interview itself. Although this position was adopted by one member of the Board, the findings of the Board majority as to a continuing investigation render Texaco's position here untenable. We also reject the contention that Texaco was not sufficiently apprised of the charge prior to the hearing before the Board. The Board correctly concluded that the complaint clearly put the company on notice that the General Counsel was alleging a violation of section 8(a)(1) of the Act under *Weingarten.*

■ The more novel and significant contention advanced by Texaco is that the right to a union representative at an investigatory interview does not encompass any right to have the union representative

speak. Texaco cites language from *Weingarten,* in which the Court, after noting that the employer has no duty to bargain with the union representative at an interview, stated:

'The representative is present to assist the employee, and may attempt to clarify the facts or suggest other employees who may have knowledge of them. The employer, however, is free to insist that he is only interested, at that time, in hearing the employee's own account of the matter under investigation.' Brief for Petitioner, at 22.

420 U.S. at 260, 95 S.Ct. at 965. We agree with the Board here that this language, (taken by the Court from the Board's brief in *Weingarten*) is directed toward avoiding a bargaining session or a purely adversary confrontation with the union representative and to assure the employer the opportunity to hear the employee's own account of the incident under investigation. The passage does not state that the employer may bar the union representative from any participation. Such an inference is wholly contrary to other language in the *Weingarten* opinion which explains that the representative should be able to take an active role in assisting the employee to present the facts.

A single employee confronted by an employer investigating whether certain conduct deserves discipline may be too fearful or inarticulate to relate accurately the incident being investigated, or too ignorant to raise extenuating factors. A knowledgeable union representative could assist the employer by eliciting favorable facts, and save the employer production time by getting to the bottom of the incident occasioning the interview.

420 U.S. at 262–63, 95 S.Ct. at 966. *See also Alfred M. Lewis, Inc. v. NLRB*, 587 F.2d at 409–10, where this Court quoted the latter passage as central to the holding of *Weingarten. Accord, Southwestern Bell Telephone Co.*, 251 NLRB No. 61, 105 LRRM 1246 (1980) (pet. for review pending, 5th Cir., No. 80–2072).

In refusing to permit the representative to speak, and relegating him to the role of a

passive observer, the respondent did not afford the employee the representation to which he was entitled. The Board properly found that Texaco violated section 8(a)(1) of the Act.

Order enforced.