**The ANACONDA COMPANY, Aluminum Division, Plaintiff-Appellant,**

v.

**DISTRICT LODGE NO. 27 OF the INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, Defendant-Appellee.**

No. 81–5755.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 7, 1982.

Decided Nov. 11, 1982.

Lloyd C. Loomis, Los Angeles, Cal., Billy E. Johnson [Lead Counsel], Louisville, Ky., for plaintiff-appellant.

Raymond L. Sales [Lead Counsel], Linda J. Wallbaum, Louisville, Ky., for defendant-appellee.

Before MERRITT and CONTIE, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

In this appeal, the court is asked to vacate an arbitration award reinstating an employee who was discharged for excessive absenteeism. For the reasons stated below, we refuse to upset the arbitrator's judgment.

The employee in question, Don Unseld, had been employed by the Anaconda Company and had been a member of the Union for just over a year at the time of his discharge. On June 19, 1980, a meeting was held to discuss Unseld's attendance record. Present at the meeting were Unseld, his supervisors, and two Union representatives. On June 23, 1980, Unseld was called to his supervisor's office and was informed that he was discharged. Unseld requested that a union representative be present but none could be found since the discharge occurred at a time when no union representatives were working. Two other employees from the same bargaining unit were called in to witness the discharge.

Unseld filed a grievance protesting his discharge. He noted several substantive grounds as to why he should not have been discharged and further contended that he should have been given union representation at the June 23 discharge meeting so that he could have presented a defense. The Union processed the grievance in accordance with the collective bargaining agreement. It went to final and binding arbitration and the arbitrator found in favor of the Union. The arbitrator did not reach the issue of whether the discharge was for just cause but rather ordered Unseld's reinstatement because of the lack of union representation at the June 23 meeting.

The Company filed an action in federal district court seeking to vacate the arbitrator's award. In ruling on cross-motions for summary judgment, the district court refused to vacate the arbitrator's award.

The standard of review in arbitration cases is very narrow. *General Tele-*

phone Co. of Ohio v. Communications Workers of America, AFL–CIO, 648 F.2d 452 (6th Cir.1981). The parties have bargained for the arbitrator's decision, not the court's, and that decision should be upheld unless it fails to "draw its essence from the collective bargaining agreement." United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1963). The court must, however, vacate the award if the arbitrator has dispensed "his own brand of industrial justice" rather than basing his decision on an interpretation of the collective bargaining agreement. Id. at 597, 80 S.Ct. at 1361.

█ The Company contends that the arbitrator in the present case was dispensing his own brand of industrial justice and that his decision did not draw its essence from the collective bargaining agreement. We cannot agree.

The arbitrator relied on two provisions of the collective bargaining agreement. First, the arbitrator noted that the collective bargaining agreement provides for exclusive representation by the Union for the purpose of collective bargaining. Second, he relied on a provision of the agreement which states that "All employees shall be treated fairly and justly by the Company and/or any of its supervisory employees." The arbitrator read this clause as providing the employee with a form of procedural due process. The arbitrator then analyzed federal law and found that it was improper to deny Unseld's request for union representation at a disciplinary meeting, relying on NLRB v. J. Weingarten, Inc., 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975).

The Company's first argument is that the arbitrator has added to or modified the contract. It contends that the absenteeism policy is set out in detail and cannot be overridden by the general provisions relied on by the arbitrator. We agree that the arbitrator's reliance on the union representation clause is illogical and would not be enough in itself to base an award upon. The clause speaks to union representation in terms of collective bargaining, not in terms of individual grievances. However,

we find that the arbitrator's decision is based upon the collective bargaining agreement. The arbitrator was not modifying the provisions of the collective bargaining agreement on absenteeism but rather was interpreting the provision that the Company treat its employees "fairly and justly." While this provision is very broad and gives the arbitrator great discretion, the Company agreed to such discretion when it signed the agreement. Moreover, the phrase "fairly and justly" is no broader than "just cause" and the latter phrase has frequently been upheld as the basis for an arbitrator's award, even on procedural grounds. See Chauffeurs Teamsters and Helpers, Local Union No. 878 v. Coca-Cola Bottling Co., 613 F.2d 716 (8th Cir.), cert. denied, 446 U.S. 988, 100 S.Ct. 2975, 64 L.Ed.2d 847 (1980) (arbitrator ordered reinstatement because lack of procedural fairness precluded finding of "just cause" for discharge).

█ The Company next contends that the arbitrator erred in looking to federal labor law. This argument has no merit. Having found that the agreement provided for procedural fairness but was silent as to what procedure must be followed in a particular case, the arbitrator was free to look to many sources, including federal labor law, for guidance. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1963).

█ The Company's final argument is that the arbitrator's decision must be vacated because it is in manifest disregard of the law. Wilko v. Swan, 346 U.S. 427, 436, 74 S.Ct. 182, 187, 98 L.Ed. 168 (1953). The Company contends that Weingarten only provides for union representation of investigatory meetings and that subsequent appellate opinions have not extended Weingarten to situations where the employee is simply informed of the disciplinary action. See Anchortank, Inc. v. NLRB, 618 F.2d 1153 (5th Cir.1980); NLRB v. Certified Grocers of California, Ltd., 587 F.2d 449 (9th Cir. 1978). We find no merit in this argument. "Manifest disregard of the law" means more than a mere error in interpretation or

application of the law. While the arbitrator may or may not have applied *Weingarten* correctly under the facts of this case, we cannot say that his decision showed a "manifest disregard of the law."

In essence, the Company seeks to have the arbitrator's decision vacated because it rests upon an erroneous interpretation of federal law. This court may not vacate the award on that ground. The parties bargained for final and binding arbitration and, in the vast majority of cases, will be bound by the arbitrator's decision, right or wrong.

The judgment of the district court is AFFIRMED.