902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Irwin KLEPPER, Plaintiff-Appellee,
v.
David OSBORNE, Defendant-Appellant.
 No. 89-6050.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1990.
 
 Before KEITH and MILBURN, Circuit Judges, and GEORGE E. WOODS, District Judge*.
 PER CURIAM.
 
 
 1
 David Osborne appeals the district court's order denying his motion to vacate, alter or correct an arbitration award for Irwin Klepper resulting from a dispute regarding their partnership. For the reasons that follow, we affirm.
 
 I.
 
 2
 On August 1, 1980, David Osborne and Irwin Klepper formed a limited partnership known as Plaza Properties, with Osborne serving as general partner and having an 80% interest in the partnership, and Klepper serving as the limited partner and having a 20% interest in the partnership. The Plaza Properties partnership was formed to obtain and hold title to certain real property in Ashland, Kentucky. The limited Partnership Agreement includes an arbitration clause.[2]
 
 
 3
 On August 12, 1988, Osborne filed a Demand for Arbitration with the American Arbitration Association alleging that Klepper was indebted to the partnership in the amount of $160,000. On October 11, 1988, Klepper filed a counterclaim for arbitration alleging that Osborne had breached his fiduciary obligations as general partner, had manipulated the partnership for his personal benefit, and had misapplied and wasted partnership assets. Klepper requested that Osborne be removed as managing partner and that a trustee be appointed in his place. Klepper also requested that if he were found to be indebted to the partnership, any sum he owed be offset by an amount equal to the partnership assets wasted or misapplied by Osborne.
 
 
 4
 After Klepper filed his counterclaim, but before the arbitration hearing was held, Osborne sold all of the real property owned by the partnership. Paragraph 4 of the Partnership Agreement provides that the partnership "shall be dissolved" upon the happening of certain events, including "disposition by the Partnership of its entire interest in the Real Property."
 
 
 5
 A hearing was held before an arbitration tribunal on December 19, 1988, and on January 16, 1989, the tribunal rendered its award. The award states, "By virtue of sale of all the real property, the Partnership between [Osborne] and [Klepper] organized in 1980 is dissolved." The award orders Osborne to pay Klepper $17,315.45 "which represents [his] share of the Partnership proceeds on dissolution including a sum for anticipated collection of receivables outstanding on December 15, 1988." The award gave Osborne "all amounts collected from receivables after December 15, 1988." Osborne was also ordered to pay for the costs of the arbitration. The award states that it "is in full settlement of all claims submitted to this arbitration."
 
 
 6
 On January 26, 1989, Klepper filed a petition in the district court to confirm the arbitration award. On February 10, 1989, Osborne filed a response to the petition and a motion to vacate, modify or correct the arbitration award. Osborne argued (1) that the arbitrators exceeded their authority by dissolving the partnership, (2) that the arbitrators erred by awarding a sum of money to Klepper without explaining how the figure was reached, and (3) that the award did not allow the parties to determine the income tax implications of the award.
 
 
 7
 On June 30, 1989, the district court issued an opinion and order denying Osborne's motion to vacate, modify or correct the arbitration award. The court held that the arbitrators' dissolution of the partnership did not exceed their authority because it merely recognized what had already happened by virtue of sale of all the real property held by the partnership. The court rejected Osborne's other arguments by holding that it lacked authority to vacate, modify or alter the award because it was not so ambiguous as to make it indefinite. On July 18, 1989, the district court entered an order and judgment affirming the arbitrators' award in its entirety. This timely appeal followed.
 
 
 8
 The principal issue on appeal is whether the district court erred by denying Osborne's motion to vacate, modify or correct the award.
 
 II.
 
 9
 "[T]he standard of review in arbitration cases is very narrow." Dobbs, Inc. v. Local No. 614, Int'l Bhd. of Teamsters, 813 F.2d 85, 86 (6th Cir.1987) (quoting Anaconda Co. v. District Lodge No. 27, Int'l Ass'n of Machinists, 693 F.2d 35, 36 (6th Cir.1982)). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." United Paperworkers Int'l Union v. Misco, Inc., 108 S.Ct. 364, 371 (1987). "The Arbitration Act, 9 U.S.C. Sec. 1 et seq, provides the statutory basis for a district court's review of an arbitrational award." Federated Dep't Stores, Inc. v. J.V.B. Indus., Inc., 894 F.2d 862, 865 (6th Cir.1990).
 
 
 10
 Section 10(d) of the Arbitration Act provides that an arbitration award may be vacated "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. Sec. 10(d). Section 11(b) provides that an award may be modified or corrected "[w]here the arbitrators have awarded upon a matter not submitted to them...." 9 U.S.C. Sec. 11(b). "Given the strong federal policy in favor of enforcing arbitration agreements, the burden of proving that the arbitrators exceeded their powers is very great." Federated, 894 F.2d at 866 (citation omitted).
 
 
 11
 Osborne argues that the arbitrators exceeded their authority by deciding matters that were not submitted to them. First, Osborne asserts that neither party requested that the partnership be dissolved. Osborne contends that the only disputes submitted to arbitration were his claim for contribution and Klepper's claim regarding Osborne's management of the partnership. Osborne asserts that the arbitration award should be vacated under section 10(d) because the arbitrators exceeded their powers by dissolving the partnership. Second, Osborne argues that the award may be modified under section 11(b) because the arbitrators awarded upon a matter not submitted to them by awarding Klepper his share of the partnership proceeds upon dissolution. Osborne contends that the award does not comport with due process because he was deprived of the opportunity to adequately defend against a final dissolution of the partnership since he was not given notice that the arbitrators would decide that issue.
 
 
 12
 "An arbitrator can bind parties only on issues that they have agreed to submit to arbitration, and whether an arbitrator has exceeded those bounds is an issue that courts properly may decide." International Ass'n of Machinists v. Texas Steel Co., 639 F.2d 279, 283 (5th Cir. Unit A 1981). "While an arbitrator has broad power to fashion remedies on issues the parties have empowered him to resolve, he lacks authority to decide questions the parties have not agreed to submit to him." Courier-Citizen Co. v. Boston Electrotypers Un. No. 11, 702 F.2d 273, 281 (1st Cir.1983). "Courts will not enforce awards exceeding the authority conferred in the submission." Id.
 
 
 13
 In the present case, the evidence before the district court shows that the only issues submitted to arbitration were those identified in Osborne's demand for arbitration and Klepper's counterclaim for arbitration. The relief sought by these demands did not specifically include dissolution of the partnership and division of the partnership proceeds. Therefore, it is necessary to decide whether the arbitrators' award exceeds "the authority conferred in the submission." Id.
 
 
 14
 The first item in the award states, "By virtue of sale of all the real property, the Partnership between [Osborne] and [Klepper] organized in 1980 is dissolved." The arbitration award did not dissolve the partnership. Rather, the award merely recognized that pursuant to paragraph 4 of the Partnership Agreement, the partnership was dissolved upon sale of all of the real property owned by the partnership. Paragraph 4 of the Partnership Agreement provides in pertinent part that "the Partnership shall be dissolved and terminated ... upon ... disposition by the Partnership of its entire interest in the Real Property...." (Emphasis added.) Thus, the partnership was dissolved by operation of the agreement, rather than by the arbitrators' award. The arbitrators did not exceed their authority by simply recognizing this event.
 
 
 15
 A closer question is presented regarding the arbitrators' award of $17,315.45 to Klepper for his share of the partnership proceeds upon dissolution. The award of partnership proceeds to Klepper varies from the specific relief requested in the demands for arbitration. However, "a court must be mindful of the broad discretion accorded arbitrators in fashioning appropriate remedies." Texas Steel, 639 F.2d at 283. The Supreme Court has "recognized the need for allowing arbitrators discretion and flexibility in formulating remedies because of the 'wide variety of situations' presented for arbitration." General Tel. Co. v. Communications Workers of America, 648 F.2d 452, 457 (6th Cir.1981) (quoting United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960)).
 
 
 16
 The Partnership Agreement clearly contemplates resolution through arbitration of disputes arising from dissolution of the partnership. The arbitration clause provides in part that "[a]ny dispute or controversy arising ... in connection with ... dissolution of the Partnership, shall be determined and settled by arbitration in accordance with the rules of the American Arbitration Association." (Emphasis added.) Section 43 of the Commercial Arbitration Rules of the American Arbitration Association empowers arbitrators to grant "any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties...." The award to Klepper is within the authority conferred by the submission because Klepper requested that any amount he owed the partnership be offset against the amount misappropriated by Osborne. Thus, the award reflects the amount misappropriated by Osborne in excess of any amount owed the partnership by Klepper. Dissolution of the partnership upon sale of the real property required the arbitrators to fashion an appropriate remedy, and the arbitrators did not exceed their power by making the award to Klepper.
 
 
 17
 Osborne argues that remand to the arbitration tribunal is necessary because "it is totally impossible to determine how the award was reached and what the income tax implications of the award will be [for both partners]." Appellant's Brief at 12. Osborne also requests that the case be remanded to the arbitration tribunal with instructions to make an award within the scope of the authority conferred by the submission. Osborne relies on Randall v. Lodge No. 1076, Int'l. Ass'n of Machinists, 648 F.2d 462 (7th Cir.1981), in which the court remanded the case to the arbitrator for clarification of the basis for his initial determination. In Randall, the court recognized that an arbitrator need not state the reasons for his decision, but the court held that "once the reasons that are given strongly imply that the arbitrator may have exceeded his or her authority under the submission and contract ... the device of remand is appropriate to avoid having courts rather than the arbitrator clarify the bases for the initial determination." Id. at 468 (emphasis in original).
 
 
 18
 Because we conclude that the arbitrators did not exceed their authority, it is unnecessary to remand the case for clarification as the court did in Randall. Moreover, there is no basis for remanding the case to the arbitration panel for clarification of the tax implications or for explanation as to how the award was reached. "Arbitrators have no obligation to the court to give their reasons for an award." Enterprise Wheel, 363 U.S. at 598.
 
 III.
 
 19
 Accordingly, the district court's order denying Osborne's motion to vacate, alter or correct the award is AFFIRMED.
 
 
 
 *
 Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 Paragraph 27 of the Partnership Agreement provides: Arbitration. Any dispute or controversy arising under, out of, in connection with, or in relation to this agreement, and any amendment thereof, or the breach thereof, or in connection with the formation, operation, or dissolution of the Partnership, shall be determined and settled by arbitration in accordance with the rules of the American Arbitration Association. Any award rendered therein shall be final and binding on each and all of the Partners, and judgment may be entered thereon in any court having jurisdiction thereof