**OHIO CENTER FOR THE DANCE CO-LUMBUS FESTIVAL BALLET, Plaintiff,**

v.

**BLO PRODUCTIONS, INC., et al., Defendants.**

No. 2–89–CV–942.

United States District Court, S.D. Ohio.

April 2, 1991.

Charles Postlewaite and Philip Musser, Columbus, Ohio, for plaintiff.

Lee Edwin Hornberger, Jr., Columbus, Ohio, for defendants.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This action was originally instituted by plaintiff for recovery of damages from defendants in connection with a claimed breach of contract. On February 16, 1990, the action was stayed pending arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* On September 13, 1990, Arbitrator Max N. Osen issued his award, which was expressly reaffirmed on November 13, 1990. This matter is now before the Court on the motion of BLO Productions, Inc. [BLO], to "partially confirm and partially vacate" that award. Sylvia Watson, not originally named as a party to this action, has sought and been granted leave to intervene.

In July 1989, BLO and Columbus Festival Ballet [CFB], entered into a contract to present a ballet in Columbus, Ohio, in October of that year.

The contract opens with the following language:

Agreement made this _____ day of July 7, 1989, by and between BLO PRODUCTIONS, INC., 1650 BROADWAY, NEW YORK, NEW YORK 10019 (hereinafter called 'PRODUCER') and COLUMBUS FESTIVAL BALLET, 2325 WOOD AVE-

NUE, COLUMBUS, OHIO 43221 (hereinafter called 'PURCHASER').

The agreement was executed as follows:
PRODUCER: <u>BLO PRODUCTIONS, INC.</u>
BY <u>Bernie Lawrence</u>
PURCHASER:
BY <u>Sylvia Watson, President of OCD/CF.</u>[1]

*Exhibit 2*, attached to Intervenor's Memorandum *contra* Motion to Vacate ["Intervenor's Memorandum"].

Paragraph 18 of the contract provides that

any claim or dispute arising out of or relating to the agreement, its existence, validity, interpretation or breach shall be determined by arbitration in New York, New York, before a single arbitrator in accordance with the rules then obtaining of the American Arbitration Association. *The award of the arbitrator shall be final and binding and may be entered as judgment in any court whether state or federal having jurisdiction.*

*Id.* [Emphasis added].

In its "Notice of Intention to Arbitrate and Demand for Arbitration," BLO sought relief against, not only CFB, but also Sylvia Watson and "John" and "Jane Doe." *Exhibit 3*, attached to Intervenor's Memorandum. In its complaint before the arbitrator, BLO identified CFB, alternatively, as an Ohio corporation, as a sole proprietorship, and as a partnership. Sylvia Watson was identified, alternatively, as CFB's president, principal, or general partner. Affirmative monetary relief was sought against all respondents, jointly and severally.

Apparently,[2] BLO's position was not contested before the arbitrator by either CFB or Sylvia Watson. In his decision, the arbitrator found CFB liable to BLO in the full amount sought. With respect to the other respondents, however, the arbitrator found as follows:

---

1. The photocopy of the agreement apparently cut off some language. The original signature was apparently "Sylvia Watson, President of OCD/CFB." *See Exhibit A*, attached to December 21, 1989 Motion to Stay and/or Dismissal.

2. BLO makes factual assertions in its memoranda which do not always enjoy evidentiary support.

A. SYLVIA WATSON has no liability with respect to the claims of BLO PRODUCTIONS, INC.

\* \* \* \* \* \*

The claims against SYLVIA WATSON and unnamed associates are dismissed in their entirety. COLUMBUS' counterclaims are likewise dismissed in their entirety.

*Exhibit A*, attached to Motion to Partially Confirm and Partially Vacate Arbitrator's Award ["Motion"]; *Exhibit 5*, attached to Intervenor's Memorandum.

On September 27, 1990, BLO sought modification of the arbitrator's award on the ground that the original award contained "a mistake in the description of the Columbus Festival Ballet." [3] BLO argued in that request that, "there is absolutely nothing in the record of this case that would indicate that the Columbus Festival Ballet is a corporation rather than an incorporated [sic] association. Therefore, Sylvia Watson and other members of the Columbus Festival Ballet are and should be liable for any damages...." *Exhibit B*, attached to Motion.

On October 8, 1990, Sylvia Watson, through counsel, responded to the application for modification. *Exhibit D*, attached to Motion. Recognizing the general impropriety of submitting evidence after the close of the arbitration hearing, Ms. Watson nevertheless proffered documentary evidence of CFB's corporate status "since Mr. Kossow has already done so on behalf of BLO...." *Id.* On October 11, 1990, BLO offered to "waive any objection" should Ms. Watson "wish to appear in New York in person for a new hearing so that she will be subject to cross-examination." *Exhibit E*, attached to Motion.

On November 13, 1990, Arbitrator Osen denied BLO's request for modification and reaffirmed his September 13, 1990 award.

The decision of the arbitrator reads in pertinent part as follows:

I, THE UNDERSIGNED ARBITRATOR, ... having previously rendered an AWARD dated September 13, 1990 and Daniel H. Kossow, Esq., attorney for BLO Productions, Inc., by letter dated September 22, 1990, having made an Application for Modification of said Award pursuant to § 7509 of the New York Civil Practice Law and Rules, and Lawrence F. Feheley, Esq., Attorney for Sylvia Watson, having raised written objections thereto, and read and fully considered the contentions of the Parties, do hereby DETERMINE as follows:

A. The request for Modification of the Award is denied.

B. In all respects, said Award dated September 13, 1990 is hereby reaffirmed.

*Exhibit G*, attached to Motion.

■ In motion presently before this Court, BLO seeks to confirm that portion of the Arbitrator's award imposing liability as to CFB. However, BLO also seeks to either modify or vacate the award as it relates to the "purported non-liability of Watson." *Memorandum in Support of Motion*, at 3. BLO contends that there was no evidence at the hearing before the arbitrator that CFB was "anything other than a non-incorporated organization. The underlying contract did not refer to it as a corporation. It never represented itself as a corporation." *Id.* Without citation to authority, BLO also asserts that an organization not identifying itself by such words as corporation, or incorporated, is an unincorporated association.[4] Alternatively, BLO asks that this portion of the award be vacated because "there was misconduct on the part of the Arbitrator in receiving evidence relating to the corporate status after the hearing was closed and without giving BLO its request to due process and cross-examination rights." *Id.*, at 4.

---

3. The request for modification also contained factual assertions that may or may not have been testified to before the arbitrator. The request was also accompanied by documents, including a copy of checks and of an advertisement. *Exhibit B*, attached to the Motion.

4. To the contrary, there is no such requirement under Ohio law for non-profit corporations such as CFB. *See* O.R.C. § 1702.04(A).

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, provides the statutory basis for a district court's review of an arbitration award. There is a strong federal policy in favor of enforcing arbitration agreements, *see Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), and in *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960), the Supreme Court held that a court must enforce an award "so long as it draws its essence from the ... agreement" and so long as the arbitrator does not "dispense his own brand of industrial justice." In general, the role of courts in reviewing arbitration awards is extremely limited:

> [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced that he committed serious error does not suffice to overturn his decision.

*United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). In the Sixth Circuit, too, "the standard of review in arbitration cases is very narrow." *Dobbs, Inc. v. Local No. 614, International Brotherhood of Teamsters, etc.*, 813 F.2d 85, 86 (6th Cir.1987). As the United States Court of Appeals for the Sixth Circuit stated in *Anaconda Co. v. International Asso. of Machinists & Aerospace Workers*, 693 F.2d 35 (6th Cir.1982), "... in the vast majority of cases, [the parties] will be bound by the arbitrator's decision, right or wrong." *Id.* at 38.

█ Section 11 of the Arbitration Act sets forth three grounds for modification of an arbitrator's award, including "an evident material mistake in the description of any person, thing or property referred to in the award." 9 U.S.C. § 11(a). Where a basis for modification is found to exist, the statute authorizes the Court to "modify and correct the award so as to effect the intent thereof and promote justice between the parties." This Court agrees with Intervenor Watson that Arbitrator Osen, whose award contained no description of either Watson or CFB, did not err in any description of these persons. Moreover, the modification sought by BLO, *i.e.*, to impose liability upon Intervenor Watson despite the Arbitrator's express finding of no liability, goes far beyond merely effectuating "the intent" of the award, as contemplated by 9 U.S.C. § 11. Accordingly, to the extent that it seeks to modify the Arbitrator's award, BLO's motion is without merit.

BLO alternatively urges that the portion of the award relating to Sylvia Watson be vacated on the ground of arbitrator misconduct. Section 10 of the Arbitration Act authorizes the vacation of an award, *inter alia*, "[w]here the arbitrator [ ] [was] guilty of ... any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(c). This Court is convinced that the Arbitrator engaged in no misconduct warranting vacation of his award.

█ In finding liability on the part of only CFB, Arbitrator Osen had before him the written agreement identifying as the only parties to that agreement BLO and CFB. Sylvia Watson, who executed the agreement on behalf of CFB, appears in the agreement only as the president of CFB. Arbitrator Osen, in rendering his award, clearly construed that contract and acted within the scope of his authority. *See Misco*, 484 U.S. 29, 108 S.Ct. 364. BLO—who was the first party to improperly submit unsolicited evidence to the arbitrator after the close of the hearing—bases its unjustified attack on the integrity of the arbitrator upon the mere fact that the arbitrator denied its request for modification after having "read and fully considered the contentions of the parties...." This Court does not read the arbitrator's language as indicating that Arbitrator Osen based his denial of BLO's request for modification upon the substance of any of the evidence submitted after the hearing. Rather, the Court reads Arbitrator Osen's November 13, 1990, order as simply a reaffirmation of his earlier award, notwithstanding the fact that both BLO and Sylvia Watson submitted unsolicited evidentiary materials to him. Under these circumstances, the

Court concludes that BLO has failed to sustain its burden of establishing grounds for either modification or vacation of the arbitrator's award.

WHEREUPON, to the extent that the motion seeks to confirm the Arbitrator's award, the motion is GRANTED. In all other respects, the motion of BLO is DENIED. The award of the Arbitrator issued on September 13, 1990 and reaffirmed on November 13, 1990, is hereby CONFIRMED. 9 U.S.C. § 9.

The Clerk shall enter final JUDGMENT in this action.