William SKARNULIS, Doris Skarnulis, William Skarnulis IRA Account, Doris Skarnulis IRA Account, William Skarnulis Living Trust, Plaintiffs,

v.

DIVERSIFIED FINANCIAL CONSULTING, INC., a Michigan Corporation, William L. Davis and James A. Kirkland, Defendants.

Civ. A. No. 94–74656.

United States District Court, E.D. Michigan, Southern Division.

May 2, 1995.

Walter L. Baumgardner, Jr., Musilli, Baumgardner, Wagner & Parnell, St. Clair Shores, MI, for defendants.

David M. Foster, Farmington Hills, MI, for plaintiffs.

## *MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO VACATE ARBITRATION AWARD*

GADOLA, District Judge.

Plaintiffs brought this action to enforce an arbitration award against defendants. Before the court is defendants' motion to vacate the arbitration award. Pursuant to Local Rule 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), the court shall decide the motion without entertaining oral argument.

### I. Facts

On December 6, 1991, William and Doris Skarnulis submitted a claim for arbitration with the National Association of Securities Dealers ("NASD"), alleging numerous claims against defendants. In addition to their statement of claim, Mr. and Mrs. Skarnulis also filed a Uniform Submission Agreement whereby they agreed to submit all of their claims to binding arbitration with NASD. The Skarnulis' claims allege that Mr. and

Mrs. Skarnulis suffered financial losses because they followed the investment recommendations made by defendants. The investments at issue were made between February 1986 and May 1989.

After Mr. and Mrs. Skarnulis filed their statement of claim, defendant Diversified Financial Consulting, Inc. ("DFC"), an investment advisor firm, and defendant Kirkland, a securities representative, filed Uniform Submission Agreements with NASD to submit their counterclaims and defenses to binding arbitration. Defendant Davis' status as an associated person registered with NASD required him to submit to the arbitration under NASD's rules.[1] Prior to the commencement of the arbitration hearings, defendants filed a motion to dismiss the arbitration, arguing that the applicable statute of limitations for each count had expired. The motion was denied.

According to defendants, on December 21, 1992, the arbitrators accepted a signed submission agreement adding the Living Trust of William Skarnulis as an additional claimant. Defendants also allege that on January 28, 1993, the arbitrators accepted another submission agreement adding the IRAs of William and Doris Skarnulis as claimants.[2] On March 8, 1993, defendants filed a complaint, 93–CV–70997–DT, in the United States District Court for the Eastern District of Michigan for a Temporary Restraining Order to stop the arbitration. On March 29, 1993, the court ordered the NASD and plaintiffs to show cause why they should not be temporarily and permanently restrained from continuing with the scheduled arbitration. On April 5, 1993, Mr. and Mrs. Skarnulis filed a motion to dissolve the temporary restraining order. On April 7, 1993, the NASD filed a motion to dismiss and compel arbitration. On April 13, 1993, a hearing was held and the court granted the motion to dissolve the temporary restraining order and denied a permanent restraining order. On April 16, 1993, Mr. and Mrs. Skarnulis filed a

---

1. For explanation, see *Davis v. Skarnulis,* 827 F.Supp. 1305, 1307 (E.D.Mich.1993).

2. Defendants' motion states that these submission agreements are provided as Exhibit 4 to defendants' motion to vacate the arbitration

award. The only document labelled Exhibit 4 is a letter from a staff attorney at NASD informing defendants that their motion to dismiss was denied.

motion for summary judgment, which the court granted on August 10, 1993. The court ordered the parties to proceed with arbitration.

■ On February 11, 1994, the arbitration panel awarded plaintiffs $106,502.00. On October 18, 1994, plaintiffs filed an amended complaint to confirm the arbitration award in Oakland County Circuit Court. On November 16, 1994, defendants filed a notice of removal. The case was assigned to the Honorable Gerald E. Rosen. On November 30, 1994, a clerk's default was entered against defendants. Defendants then filed a motion to set aside the default. On December 27, 1994, Judge Rosen ordered that the default judgment be set aside. The order also granted defendants until December 30, 1994 to move to vacate the arbitration award. The case was then re-assigned to the Honorable Paul V. Gadola.[3]

## II. Analysis

Defendants argue that there are three reasons to vacate the arbitration award. First, the arbitrators "manifestly disregarded the law" because federal and state statutes of limitations barred plaintiffs' claims. Second, the arbitrators improperly permitted the IRAs of William and Doris Skarnulis and the Living Trust of William Skarnulis to be added as claimants. Third, the arbitrators' decision was not a final or definite award as required by 9 U.S.C. § 10(d).

■ A District Court's review of an arbitration award is very narrow. *Anaconda Co. v. Dist. Lodge No. 27 of Intern. Ass'n of Machinists and Aerospace Workers, AFL–CIO*, 693 F.2d 35, 36 (6th Cir.1982). The parties have bargained for the arbitrator's decision and not the decision of the court. *Id.* In the Sixth Circuit, "manifest disregard for the law" requires a party to show "more than mere error in interpretation or applica-

tion of the law." *Federated Dept. Stores v. J.V.B. Industries*, 894 F.2d 862, 866 (6th Cir.1990) (quoting *Anaconda*, 693 F.2d at 37–38.) A court may not vacate an arbitration award on the ground that it rests upon an erroneous interpretation of federal law. *Id.* at 866. Therefore, the court will rarely vacate an arbitration award.

## A. Statute of Limitations

■ Defendants argue that all of plaintiffs' claims against defendants were barred by either state or federal statutes of limitations and therefore the arbitrators' award was in "manifest disregard for the law." The court disagrees. The arbitrators' decision notes that defendants argued that all of plaintiffs' claims were barred by state and federal statutes of limitations. The decision does not specifically address defendants arguments, but did find in favor of plaintiffs and awarded damages to plaintiffs. Therefore, implicitly, the arbitrators rejected defendants' arguments.

Arbitrators are not required to give a rationale for their decision. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). In this action, the arbitrators did not provide a rationale for their decision. Therefore, it is impossible to determine whether the specific claims upon which the award was based were barred by statutes of limitations.

Defendants have been unable to prove that the arbitration award was made in "manifest disregard of the law" because at least one of the counts in plaintiffs' claim for arbitration was not barred by the applicable statute of limitations, the claim alleging fraud. Fraud claims in Michigan are governed by a six-year statute of limitations. Mich. Comp. Laws Ann. § 600.5813; *Executone v. IPC Communications*, 177 Mich.App. 660, 670,

**3.** Under 9 U.S.C. § 12, a motion to vacate an arbitration award must be filed within three months after the award is filed or delivered. In the instant action, the arbitration award was granted on February 11, 1994 and the motion to vacate the award was filed in December 1994. A party may not assert a defense to an action to confirm an arbitration award if the party could have raised that defense in a timely motion to

vacate the award. *Sanders–Midwest v. Midwest Pipe Fabricators, Inc.*, 857 F.2d 1235, 1237 (8th Cir.1988). Therefore, plaintiff's motion to vacate would be time-barred if Judge Rosen had not entered an order permitting defendants to file a motion to vacate the arbitration award. As a result of Judge Rosen's order, this court will discuss the merits of defendants' motion to vacate the arbitration award.

442 N.W.2d 755 (1989). Defendants do not argue that plaintiffs brought their claims over six years after the investments at issue.

■ Defendants argue that plaintiffs' common law claims, such as the fraud claim, are barred by the Michigan Uniform Securities Act. At least one federal court recently held otherwise. *See Montcalm County Bd. of Com'rs v. McDonald & Co. Securities, Inc.*, 833 F.Supp. 1225, 1235 (W.D.Mich.1993). The court finds that defendants have been unable to prove that the arbitrators' decision was made in "manifest disregard of the law."

## B. Claimants

■ Defendants argue that they never contracted to arbitrate any claims submitted by the William Skarnulis Living Trust and the William and Doris Skarnulis IRAs and that the arbitrators permitted plaintiffs to add their IRAs and Living Trust in violation of "Section 39 of the Code of Procedure." Defendants argue that they were precluded from preparing any defense to the unknown claims of the new parties. The arbitrators awarded $69,652.00 to the William and Doris Skarnulis IRAs.

Defendants admit that they contracted to arbitrate their claims with Mr. and Mrs. Skarnulis. In their demand for arbitration, William and Doris Skarnulis expressly stated that the investment accounts in question were:

a. Doris C. Skarnulis, IRA

b. William F. Skarnulis, IRA

c. William F. and Doris C. Skarnulis

Section 9 of Demand for Arbitration. Therefore, defendants had notice that William and Doris Skarnulis were seeking damages to their IRA accounts. Defendants have not shown that the arbitrators' decision is in manifest disregard of the law. Nor have defendants provided any other reason why the award to the IRAs of William and Doris Skarnulis must be vacated. Therefore, the court will not vacate the arbitrators' award to the IRAs of William and Doris Skarnulis. Also, because the arbitration decision did not include any award to the William Skarnulis Living Trust, the court need not address whether an award to the Living Trust must be vacated.

## C. Final and Definite Award

■ Defendants argue that the decision of the arbitrators was not a final and definite award as is required by 9 U.S.C. § 10(d). That section states:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> . . .
>
> (d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10(d). The arbitration panel awarded plaintiffs monetary damages on their claims that they suffered financial losses because of defendants' investment recommendations. Defendants argue that the arbitration award was not final because it should have ordered plaintiffs to give defendants the allegedly fraudulently sold investments. Defendants have not provided the court with any evidence to support their argument. Defendants have failed to explain why the arbitration panel, after awarding plaintiffs less than they sought, should have required plaintiffs to give the investments to defendants. It is unclear whether these investments currently have any monetary value. Defendants have not cited the court to any document where they requested that the arbitrators award defendants the investments if plaintiffs were awarded monetary damages. Certainly there is no indication that the arbitrators exceeded or imperfectly executed their powers.

## ORDER

Therefore, it is hereby **ORDERED** that defendants' motion to vacate arbitration award is **DENIED**.

**SO ORDERED.**