## MASSACHUSETTS CORRECTION OFFICERS FEDERATED UNION *vs.* LABOR RELATIONS COMMISSION.

Suffolk. April 3, 1996. - February 4, 1997.

Present: WILKINS, C.J., LYNCH, O'CONNOR, & GREANEY, JJ.

*Labor,* Public employment, Unfair labor practice. *Labor Relations Commission.*

The Labor Relations Commission correctly concluded that an employer did not violate an employee's rights to union representation by precluding the union representative from directly questioning the employee at an investigatory interview with the employer's representative, where the union representative's role was not relegated to that of a passive observer and where there was no right to such questioning under statutory or case law. [193-195]

APPEAL from a decision of the Labor Relations Commission.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Matthew E. Dwyer* for the Massachusetts Correction Officers Federated Union.

*John B. Cochran* for the Labor Relations Commission.

O'CONNOR, J. The plaintiff, Massachusetts Correction Officers Federated Union (union), filed a charge with the defendant, Labor Relations Commission (commission), alleging that the Commonwealth of Massachusetts had engaged in a prohibited practice within the meaning of G. L. c. 150E, § 10 (*a*) (1). After investigating the union's charge, the commission issued a complaint alleging that the Commonwealth, as employer, had engaged in a prohibited practice by precluding a union representative from questioning an employee of the Department of Correction (department), at an investigative interview conducted by the department. The matter was heard by an administrative law judge, who concluded that the alleged prohibited practice had been established. The depart-

ment appealed to the full commission. The commission concluded as follows: "In the totality of the circumstances, the Commonwealth's prohibition of the Union representative's direct questioning of Robinson, whom the Union was present to represent, is insufficient for us to conclude that the Commonwealth interfered with, restrained or coerced Robinson in the exercise of her rights guaranteed under the Law because the Commonwealth permitted Robinson an opportunity to have [the union representative] fully and fairly represent her." The commission dismissed the case. The union appealed to the Appeals Court and we transferred the appeal here on our own initiative. We affirm the commission's decision.

We summarize the undisputed facts found by the administrative law judge and adopted by the full commission. Michael Phaneuf and Donna Robinson are correctional officers at the Southeastern Correctional Center in Bridgewater. The union is the certified exclusive collective bargaining representative for all employees in Phaneuf and Robinson's bargaining unit. On June 9, 1990, Robinson reported to her superior that Phaneuf was sleeping on an inmate's bed. Pursuant to his investigation of the reported incident on behalf of the department, Captain Richard Daugirda interviewed Robinson.

At Robinson's request, Jerel Poh, the union vice-president, served as Robinson's union representative during the interview. Poh asked Daugirda at the outset of the interview if the interview could result in discipline against Robinson, to which Daugirda responded that he could not guarantee that Robinson would not be disciplined. Daugirda posed eight questions to Robinson about her observations of Phaneuf on the day at issue.

After Robinson responded to Daugirda's questions, Daugirda asked Robinson if she wished to add anything relative to the Phaneuf incident. Robinson requested an opportunity to consult with Poh outside the interview room, which was granted. When Robinson and Poh returned from their meeting, Poh attempted to question Robinson to elicit additional information, but Daugirda did not allow Poh to question Robinson.

Daugirda told Poh, however, that he could question Robinson outside the interview room and then return to provide a summation of Robinson's position. Poh objected, asserting

that he would file an unfair labor practice charge with the commission for the department's violation of his right to question Robinson directly during the interview. Poh then provided Daugirda with a summation of information he had gleaned from his private discussion with Robinson.

General Laws c. 150E, § 2, provides, "Employees shall have the right of self-organization and the right . . . to engage in lawful, concerted activities for the purpose of collective bargaining or other mutual aid or protection, free from interference, restraint, or coercion." In analyzing § 7 of the National Labor Relations Act, 29 U.S.C. § 157 (1970), which is comparable to G. L. c. 150E, § 2, the Supreme Court held that an employee requesting union representation during an investigatory interview has a right to such representation when the employee, as here, reasonably believes the investigation may result in disciplinary action. *NLRB* v. *Weingarten, Inc.*, 420 U.S. 251, 256-260 (1975). The Court in *Weingarten* reasoned that:

> "[a] single employee confronted by an employer investigating whether certain conduct deserves discipline may be too fearful or inarticulate to relate accurately the incident being investigated, or too ignorant to raise extenuating factors. A knowledgeable union representative could assist the employer by eliciting favorable facts, and save the employer production time by getting to the bottom of the incident occasioning the interview. Certainly his presence need not transform the interview into an adversary contest."

*Id.* at 262-263. The commission has adopted the *Weingarten* rule and has applied the rule in cases involving G. L. c. 150E, § 2. See *Commonwealth of Mass.*, 9 M.L.C. 1567, 1571 (1983); *City of Fitchburg*, 8 M.L.C. 1907, 1909 (1982); *Commonwealth of Mass.*, 4 M.L.C. 1415, 1418 (1977).

General Laws c. 150E, § 10 (*a*), provides: "It shall be a prohibited practice for a public employer or its designated representative to: (1) Interfere, restrain, or coerce any employee in the exercise of any right guaranteed under this chapter . . . ."

The only question this appeal raises is whether the department deprived Robinson of her right to union assistance pur-

suant to G. L. c. 150E, § 2, thus violating § 10 (*a*) (1), when it prohibited the union representative from questioning Robinson after the department completed its inquiries. The union argues that, in failing to permit Poh to question Robinson directly, the department unlawfully restricted the permissible scope of a union representative's role in an investigatory interview, as defined in *Weingarten*. We disagree.

The department did not violate Robinson's rights by precluding Poh, the union representative, from questioning Robinson in the presence of the department's interviewer. The union representative was neither "relegat[ed] to the role of a passive observer," *NLRB* v. *Texaco, Inc.*, 659 F.2d 124, 126-127 (9th Cir. 1981), nor precluded from "assist[ing] the employee [or] clarify[ing] the facts." See *Southwestern Bell Tel. Co.* v. *NLRB*, 667 F.2d 470, 473 (5th Cir. 1982) (holding that employer did not violate employee's right to union representation at investigatory interview where employer requested that the representative not interfere with questioning because the representative was present at the interview, was allowed time to consult with the employee prior to the interview, and was free to make any additions, suggestions, or clarifications after the interview). Poh assisted Robinson by his presence at her interview and by his summation, in which he clarified the department's information on the Phaneuf incident after eliciting facts from Robinson outside the interview room.

Nothing in the statute or relevant case law provides an employee with a right to have a union representative question the employee directly in an investigatory interview conducted by the employer. See *Commonwealth of Mass.*, 9 M.L.C. 1567, 1571 (1983) ("The employer need not bargain with the union representative at an investigatory interview; neither may the union representative interfere with legitimate employer prerogatives by virtue of its participation"). The Court in *Weingarten, supra* at 263, stated that a union representative "could assist the employer by eliciting favorable facts." In this case, the representative was not silenced but rather was permitted to elicit privately and then present all facts favorable to the employee. The employee was not entitled to have a union representative question her where the employer did not find such questioning conducive to "getting to the bottom of the incident occasioning the interview." *Id.* We conclude that the commission did not violate *Weingarten* principles or

G. L. c. 150E, § 10 (*a*) (1), in circumscribing the contours of the union representative's participation in an investigatory interview while still permitting him to speak and "relate accurately the incident being investigated, or . . . raise extenuating factors." *Id.*

The decision of the Labor Relations Commission is affirmed.

*So ordered.*