50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CAPITAL WHOLESALE ELECTRIC, INC.,
Plaintiff-Counter-Defendant-Appellant,
v.
McCARTHY CONSTRUCTION; Mark Diversified, Inc.,
Defendants-Counter-Claimants-Appellees.
 No. 93-16578.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 16, 1995.
Decided March 9, 1995.
 
 1
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Capital Wholesale Electric, Inc. appeals the district court's refusal to vacate an arbitration award that Capital contends exceeded the arbitrator's powers and incorrectly miscalculated figures. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 Capital argues that the arbitration award exceeded the arbitrator's powers because the issues submitted were confined to the complaint and counterclaims, neither of which entitled McCarthy to compensatory damages in the form of an offset against Capital's award under the July 1987 settlement. 9 U.S.C. Sec. 10(b)(4). Rather, Capital contends that it brought a contract claim and a Miller Act claim alternatively, such that when the arbitrator found that the 1987 settlement contract was valid, he could not offset post-July 1987 damages to Capital for breach of contract with pre-July 1987 funds reallocated under the St. Paul[1] doctrine. Thus, Capital submits, once the contract was upheld, its alternative cause of action under the Miller Act was mooted and McCarthy's defense of misapplication of funds, which is a Miller Act defense, was mooted along with it. We disagree.
 
 
 5
 The parties' stipulation referred "this matter" to binding arbitration. McCarthy's answer and counterclaim raised the issue of diverting funds to other accounts for payment of other debts, and its counterclaim sought damages on this theory. The St. Paul issue, including whether the July 1987 contract settled all pre-July 1987 disputes, was fully developed in the course of the proceedings. Therefore, Capital's argument boils down to whether the arbitrator was correct as a matter of law in deciding to award affirmative relief to McCarthy and to offset that award against Capital's recovery of damages. While we review the district court's denial of a motion to vacate de novo, "[a]n arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard of law." Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1060 (9th Cir.1991) (citations and quotations omitted). The arbitrator found that McCarthy did not learn of Harakas's misapplied payments until after it had entered into the July 1987 contract, and that McCarthy could not have bargained away legal rights it did not know it had. Given the equitable principles on which the St. Paul doctrine is based, we cannot say that the arbitrator's decision was in manifest disregard of law.[2]
 
 II
 
 6
 Capital next contends that the district court should have modified or corrected the award under 9 U.S.C. Sec. 11(a) so that Capital gets back the $61,835.75 discount it negotiated with McCarthy in the July 1987 settlement. Otherwise, Capital argues, it will be reimbursing McCarthy for materials for which McCarthy never paid.
 
 
 7
 The arbitrator, however, considered the $61,835.75 discount and rejected Capital's position. He reasoned that the contract was valid, that Capital had given a discount in exchange for prompt payment, and that the St. Paul restitution was independent of that bargained-for exchange. As he obviously intended to make the award against Capital, we cannot say that there was an "evident material miscalculation of figures." 9 U.S.C. Sec. 11(a).
 
 III
 
 8
 Capital argues that the arbitrator made another material miscalculation, which the district court should have corrected, when he failed to reduce McCarthy's St. Paul award by taking into account payments Harakas had made to the Communications Building project. The arbitrator's decision was based on the evidence before him and the post-hearing submissions of the parties, which included recalculations of the award to reflect the effect of credits on the Communications Building project. Although that project was not mentioned in his decision, the arbitrator has no obligation to explain the basis of his decision and we cannot say that he made an "evident mathematical miscalculation" rather than an interpretation of the law and facts as he saw them.
 
 IV
 
 9
 We decline McCarthy's request for attorney's fees under 28 U.S.C. Sec. 1912 as Capital's appeal is not frivolous.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 St. Paul Fire and Marine Ins. Co. v. United States for the Use of Dakota Elec. Supply Co., 309 F.2d 22 (8th Cir.1962), cert. denied, 372 U.S. 936 (1963)
 
 
 [2]
 We decline to consider Capital's further point that the St. Paul doctrine cannot be used as a counterclaim, but rather is limited to an affirmative defense, because it was raised for the first time in its reply brief