**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EUGENE D. MILLER,
Plaintiff-Appellant,

v.

No. 95-2768

BRANCH, CABELL & COMPANY; ROGER
VON SELDENECK; DANIEL E.
GRANDSTAFF,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-95-458)

Argued: September 23, 1996

Decided: November 25, 1996

Before HALL, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Steve Larson-Jackson, LARSON-JACKSON, P.C.,
Washington, D.C., for Appellant. Shawn Urelius Jordanger, MC-
SWEENEY, BURTCH & CRUMP, P.C., Richmond, Virginia, for
Appellees. **ON BRIEF:** Charles D. Chambliss, Jr., CHARLES D.
CHAMBLISS, JR., P.C., Richmond, Virginia, for Appellant. Stephen
T. Gannon, LECLAIR RYAN, P.C., Richmond, Virginia, for Appel-
lees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eugene D. Miller, a citizen of Colorado, appeals the district court's order dismissing his motion to vacate or modify an arbitration award entered on behalf of defendants Branch, Cabell, & Co., a Virginia brokerage firm, and two of its employees, Roger D. von Seldeneck and Daniel E. Grandstaff. The district court found that Miller had not timely served the defendants with notice of the motion; the court concluded that, as a result, it lacked jurisdiction over the subject matter of the dispute.

We agree that the motion should have been dismissed for want of subject matter jurisdiction, but on a different basis: the amount in controversy alleged in the motion was, on its face, insufficient to meet the jurisdictional threshold of 28 U.S.C. § 1332. We thus affirm the order below.

I.

In 1992, Miller decided to begin investing in options contracts, so he enlisted the defendants to advise and assist him. Miller alleges, among other things, that the defendants rendered bad advice and purposely led him to wrongly believe that stop-loss protection was available to limit his risk. Miller maintains that, as a result of the defendants' actions, he lost $40,767.29. Not surprisingly, the defendants deny any malfeasance; they contend that Miller was simply the victim of his own poor judgment.

Unable to amicably resolve the matter, the parties submitted their dispute to the National Association of Securities Dealers (NASD) for arbitration. Each side presented its case before a panel of arbitrators on November 22-23, 1994. Shortly thereafter, Miller moved to Colo-

rado; he informed NASD of his new address both orally and in writing.

The panel ruled for the defendants. NASD transmitted a copy of the award by facsimile to the manager of the apartment complex where Miller now resides; Miller admits that he received the facsimile on January 9, 1995, the date that it was sent. Another copy of the award was sent by certified mail to Miller's former address in Virginia. It was forwarded to Miller's mother in Tennessee, who directed it to Colorado, where Miller received it either on or after January 12.

Dissatisfied with the arbitration panel's decision, Miller sought to have the district court vacate or modify the award. Proceeding pro se, Miller filed an appropriate motion, styled as a"petition," on April 6, 1995, in the Western District of Virginia. The motion alleged that numerous irregularities infected the arbitration process.

The defendants were not served with notice of the motion, however, until April 12, 1995, three months and three days after Miller had received the facsimile. The aforementioned period is potentially significant, because the law specifies that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C.A. § 12 (West 1970). If the party filing the motion fails to comply with the service provisions of the statute, the district court has no jurisdiction to order relief. See Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986).

The defendants requested that the district court dismiss Miller's motion, asserting that the award had been "delivered" by facsimile on January 9, 1995, and, therefore, that the motion had been untimely served. The defendants also maintained that the amount in controversy was insufficient to confer jurisdiction on the court under 28 U.S.C. § 1332.* By consent of the parties, the matter was referred to

_____
*The Federal Arbitration Act, 9 U.S.C. § 1 et seq., is somewhat unusual in that it "creates federal substantive law requiring the parties to honor arbitration agreements, [but] it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise."

3

a magistrate judge. See 28 U.S.C.A. § 636(c)(1) (West 1993). The magistrate judge denied the defendants' motion to dismiss, but granted their alternative motion to transfer venue to the Eastern District of Virginia. Upon transfer, the defendants moved for reconsideration of their motion to dismiss, giving rise to a hearing before the district court.

The district court issued an opinion on July 31, 1995, ruling that Miller's receipt of the award by facsimile on January 9, 1995, was indeed a "delivery" within the meaning of 9 U.S.C. § 12. Thus, because the defendants had not received service of Miller's motion to vacate or modify the award within the three months specified by the statute, i.e., April 9, 1995, the court entered an order granting the defendants' motion to dismiss. Miller appeals.

II.

We need not decide today whether an award notice may be delivered by facsimile, because it is plain that the amount stated by Miller to be in controversy does not meet the $50,000 jurisdictional threshold of 28 U.S.C. § 1332. Miller's motion states on its face that the actions of the defendants caused him damages of $40,767.29, and, although that is a substantial sum, it is not substantial enough to invoke the jurisdiction of the federal courts. See Clark v. Paul Gray, Inc., 306 U.S. 583, 588-90 (1939) (dismissal of diversity action appropriate on appeal where the pleadings, on their face, reveal that the jurisdictional minimum has not been met).

_____

Southland Corp. v. Keating, 465 U.S. 1, 15 n.9 (1984) (citation omitted). Thus, in the absence of an independent ground authorizing the exercise of its jurisdiction (e.g., diversity), a district court may not enforce agreements to arbitrate or review arbitration awards; in such situations, a complainant's sole remedy lies in state court.

In Miller's case, the only conceivable independent basis of jurisdiction in the district court is diversity of citizenship; thus, in order for this dispute to be decided in a federal forum, it must fall within the familiar dictates of 28 U.S.C. § 1332. That statute provides for the original jurisdiction of the district courts in civil actions involving, inter alia, citizens of different states, where the amount in controversy exceeds $50,000. 28 U.S.C.A. § 1332 (West 1993).

4

Miller insists that the amount in controversy "could" exceed $50,000, particularly if interest, attorney fees, and the possibility of punitive damages are considered. Miller's motion, however, contains no demand for interest, fees, or punitive damages. Moreover, interest is generally not counted toward the jurisdictional threshold, <u>see</u> 28 U.S.C. § 1332(a) (West 1993) (interest and costs excluded), and the amount of attorney fees to which Miller has argued he is entitled ($6,382) would not, even in conjunction with the underlying damages asserted, suffice to raise the amount in controversy to the required level.

The order of dismissal is affirmed.

<u>AFFIRMED</u>

5