**EAGLE ENERGY, INC., Plaintiff,**

**v.**

**DISTRICT 17, UNITED MINE WORKERS OF AMERICA, et al., Defendants.**

**No. Civ.A. 2:97–1089.**

United States District Court, S.D. West Virginia, Charleston Division.

Feb. 4, 1998.

Daniel J. Stickler, Jackson & Kelly, Charleston, WV, for Plaintiff.

William D. Ryan, Charleston, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendants' motion to dismiss. The matter is ripe for review. For the reasons that follow, the Court **GRANTS IN PART** Defendants' motion.

## I. FACTUAL BACKGROUND

Prior to the filing of this complaint, the parties submitted their grievance to an arbitrator. Arbitrator Kathleen Spilker Jones rendered an award on August 8, 1997, sustaining the grievance filed by Defendants' members. Copies of the decision were forwarded by mail. Terry Adkins, who represented Eagle Energy at the arbitration hearing, received a copy of the decision on August 12, 1997.

On November 7, 1997 Eagle Energy filed a Complaint/Motion to Vacate with this Court. On November 10, 1997 Eagle Energy mailed a copy of the Complaint/Motion and a request for waiver of formal service to James Franklin Miller, President of Defendant Local Union No. 633, United Mine Workers of America ("Local Union").[1] Defendant Local Union does not acknowledge this mailing. On November 12, 1997 Eagle Energy hand-delivered a copy of the Complaint/Motion to Vacate to Robert Phalen, President of Defendant District 17, United Mine Workers of America ("District 17").

On December 31, 1997 District 17 and Local Union moved to dismiss or, in the alternative, for judgment on the pleadings.

1. There is some confusion about what day Eagle Energy mailed this copy. Plaintiff's memorandum states November 8 on page 2, but November 10 on page 3. The Court uses the date stated in the Affidavit of Daniel L. Stickler, who placed the copy in the mail. *See* Ex. C, Pl.'s Mem. (stating the document was mailed November 10, 1997).

Defendants argue the statute of limitations bars Eagle Energy's cause of action.

## II. DISCUSSION

As this Court has recognized previously,

> Neither section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), nor West Virginia law, provide a statute of limitations for actions to vacate arbitration awards. *Sheet Metal Workers Int'l v. Power City Plumbing & Heating, Inc.*, 934 F.2d 557, 559 (4th Cir.1991). Consequently, the Fourth Circuit Court of Appeals has approved borrowing the limitations period found in section 12 of the Federal Arbitration Act, (hereinafter, FAA), 9 U.S .C. § 12, for section 301 actions brought in the federal courts of West Virginia to vacate arbitration awards. *Id.* at 560. In accordance with section 12, "[n]otice of a motion to vacate, modify or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12.

*Hobet Mining, Inc. v. Int'l Union, UMWA*, 877 F.Supp. 1011, 1016–1017 (S.D.W.Va.1994) (Copenhaver, J.).

At issue here is (1) when the statute of limitations began to run and (2) whether both Defendants were properly served before the statute ran.

### A. *Timeliness of Complaint/Motion to Vacate*

■ In order to determine whether the Complaint/Motion to Vacate was filed within the three-month period, the Court must first determine when that period began to run. Borrowing from § 12 as *Sheet Metal Workers* instructs, the period begins when the arbitrator's award was "filed or delivered."

Defendants argue the arbitration award was "delivered" when it was issued or rendered; here, August 8. Defendants acknowledge there is no case that expressly decides the issue but argues "[t]he common thread running through [the caselaw in all jurisdictions] is the use of the word 'delivered' as naturally synonymous with 'issued' or ... 'rendered.'" Defs.' Reply at 4. Conversely, Plaintiff argues, for purposes of this statute, one meaning of "delivered" is "the time when the appropriate party receives the award." Pl.'s Mem.Resp. at 3.

Our Court of Appeals has not addressed this question in a setting in which the precise day has such significance.[2] It has stated the three-month period begins with "the rendering of the award," which could support Defendants' argument. *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir.1986). Similarly, a district court within the circuit has stated the period begins to run "from the date of the award." *Local 1829, UMWA v. Island Creek Coal Co.*, 157 F.R.D. 380, 383 (N.D.W.Va. 1994). In both instances the statements are merely *dicta*.

One Court of Appeals has acknowledged the issue. *See Sargent v. Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529, 531 (D.C.Cir.1989), *cert. denied*, 494 U.S. 1028, 110 S.Ct. 1474, 108 L.Ed.2d 612 (1990). There the court heard arguments that "delivered" meant either mailing the document or receipt of the document. Ultimately, the appellate court did not decide the issue. "We certainly see no reason to adopt a construction that hopelessly twists the ordinary meaning of the word 'delivered' without in any way solving the problem of possible surplusage. Nor would we be justified in excising 'delivered' from the statute." *Id.* Instead, the court simply accepted that service was within three months of the date Plaintiffs' received the mail.

Similarly, the Court accepts for purposes of this case the document was "delivered" the day it was received by Plaintiff, August 12.

### B. *Sufficiency of Service*

Under the FAA statute of limitations, the Complaint/Motion to Vacate must have been served upon the Defendants within the three month time period. Defendants argue they

2. The issue was presented in *Miller v. Branch, Cabell & Co.*, No. 95–2768, 1996 WL 678385 (4th Cir. Nov. 25, 1996) (unpublished), but the case was decided on different grounds. *See id.* at *2. The district court in that case had held the award had been "delivered" by facsimile before the defendant received a copy in the mail. *Id.* at *1.

were not served within the three-month period.

Plaintiff incorrectly argues *Rule* 5 of the *Federal Rules of Civil Procedure*[3] governed Plaintiff's service upon Defendants. Rule 5 is inapplicable by its own terms because it governs "every pleading *subsequent to the original complaint* ...." Fed.R.Civ.P. 5(a) (emphasis added). Because the pleading at issue is the complaint, *Rule* 5 is inapplicable.

Instead, *Rule* 4(h) states the correct rule for service because Defendants are unincorporated associations that are subject to suit under a common name. Under this rule, District 17 was properly served, but Local Union 633 was not.

Plaintiff served District 17 by hand-delivering a summons and a copy of the Complaint to Robert Phalen, President of District 17, on November 12, 1997. *Rule* 4(h)(1) states service is effected by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by law to receive service of process." Defendants do not contest that Mr. Phalen was authorized to receive service of process. Accordingly, the Court finds District 17 was served seasonably within the three-month period.

Plaintiff also attempted service upon Local Union 633 by mailing a summons and a copy of the Complaint to James Franklin Miller, President of the local. This was not true service but, rather, a request for waiver of formal service.

> Federal Rule of Civil Procedure 4(c)(2)(C)(ii)[4] provides a convenient means for effecting service of process without involvement of a personal process server. Its effectiveness, however, is dependent upon an appropriate response by the defendant on the Notice and Acknowledgment for Service by Mail form.

*Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.,* 733 F.2d 1087, 1088 (4th Cir. 1984). In fact, the form, which was entitled "Notice of Lawsuit and Request for Waiver of Service of Summons," specifically stated, "If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure." Ex. C., Pl.'s Mem.Resp. It is undisputed that Local Union 633 did not return a signed waiver form. "The revised rule clearly states that if the waiver is not returned and filed, the limitations period under such law is not tolled and the action will not otherwise proceed until formal service of process is effected." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1092.1 (Supp.1997). Because the mailing was, by its own terms, merely a Request for Waiver that was not executed by Local Union 633, it was not effective as service upon the Local.[5] Notice of the Motion to Vacate was not served upon Local Union 633 within three months after the award was filed or delivered. Accordingly, Plaintiff's claims against Local Union 633 are barred by the statute of limitations.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendants' motion to

3. Service ... shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party.... Delivery of a copy within this rule means: handing it to the attorney or to the party or leaving it at the attorney's or party's office with a clerk or other person in charge thereof.... Service by mail is complete upon mailing.

   Fed.R.Civ.P. 5(b).

4. This procedure is now stated in *Rule* 4(d), rather than *Rule* 4(c)(2)(C), but the procedure is substantially the same.

5. The Court need not address the question of whether such mailing might have been sufficient service under state law. The language of the Request for Waiver form demonstrates the form was being used to effectuate the waiver of formal service under *Rule* 4 of the *Federal Rules of Civil Procedure.* "Service under Rule 4(c)(2)(C)(ii) is a two-step process and a plaintiff may not recharacterize the first step as service pursuant to a state rule. If a state rule for service has the same requirements as Rule 4(c)(2)(C)(ii), such coincidence cannot by hindsight be converted to a valid service—and a 'gotcha' for the unsuspecting defendant.'" Wright & Miller, *supra,* § 1092.1.

   Similarly, the Court need not address the effectiveness of proper service subsequent to Local Union 633's not returning an executed waiver. Plaintiff does not claim to have served the Local subsequent to mailing the Request for Waiver.

dismiss and DISMISSES Local Union 633, United Mine Workers of America from the case.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.