# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 21-7128**

**September Term, 2021**

FILED ON: MAY 27, 2022

STATE OF LIBYA,

APPELLANT

v.

STRABAG SE,

APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-02600)

Before: SRINIVASAN, *Chief Judge*, TATEL[*] and KATSAS, *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is hereby

**ORDERED** that the judgment of the District Court be **AFFIRMED**.

This appeal arises out of six contracts between Libya and a subsidiary of Strabag SE, an Austrian construction company. Under the contracts, Libya made advance payments to the subsidiary, to be recovered as Libya withheld portions of later installment payments. Strabag provided security for the advance payments by posting irrevocable bank guarantees that would be released only after Strabag finished its work. Strabag never did finish its work: It invoked *force majeure* after the onset of the Libyan Civil War, and it later turned to international arbitration to recover past due payments and other damages from Libya.

The tribunal ruled unanimously for Strabag on liability, but it divided on Libya's argument that any damages should be set off against the advance payments that Strabag had received for work ultimately not performed. The majority concluded that there was no legal basis for such a

---

[*] Judge Tatel assumed senior status after this case was argued and before the date of this judgment.

setoff. It also expressed concern that Libya would obtain a windfall if it received a damages setoff but then called on the guarantees. The majority stated that it could not fairly grant a setoff without "arrangements in place" to prevent this, something beyond its power to order. J.A. 307.

Libya petitioned the district court to vacate or modify the arbitral award. Focusing on the setoff issue, Libya argued that vacatur was appropriate because the tribunal's decision was not final and exceeded the arbitrators' powers. In the alternative, Libya asked the district court to modify the award to prevent Strabag from obtaining its own windfall through a combination of the unreduced damages award and retention of the advance payments. The district court denied Libya's petition and confirmed the award. We now affirm.

The Federal Arbitration Act permits vacatur of an arbitral award that is not final or that exceeds the arbitrators' powers. 9 U.S.C. § 10(a)(4). A party seeking vacatur bears a "heavy burden." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013). We will not displace a final award unless the arbitrators were not "even arguably construing or applying the contract." *Id.* (cleaned up).

Libya argues that the tribunal decision is not final because the majority refused to decide the advance-payments issue. Libya cites the majority's discussion of the windfall problem, in which it disclaimed the power to create a comprehensive remedy addressing the advance payments, guarantees, and potential setoff. But the tribunal had no need to assess the advance payments as a standalone matter because Libya did not pursue a counterclaim for them. The majority instead resolved the question presented—whether the advance payments could support a setoff negating any recovery by Strabag. The majority explained at length its view that the advance payments could not support such a setoff, and only then commented on the problem posed by the guarantees and its limited power. None of this suggests that the tribunal has anything more to decide, which is the relevant finality question. *See Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998).

Libya further contends that the majority exceeded its powers by invoking perceived fairness considerations. Libya points to a statement that the panel could not order a setoff "as a matter of good order and fundamental fairness." J.A. 307. But that statement followed pages of legal analysis explaining why the majority felt a setoff unjustified based on the contracts, the treaty governing arbitration, Libyan law, and the record. After all that, the majority simply noted its view that fairness considerations cut in the same direction. Doing so hardly amounted to exceeding its powers.

The FAA permits courts to modify arbitral awards "[w]here there was an evident material miscalculation of figures." 9 U.S.C. § 11(a). Libya contends that we should use this provision to prevent Strabag from obtaining what it characterizes as the double recovery of both unreduced damages and the advance payments. But section 11(a) is a vehicle for correcting "obvious numerical gaffe[s] in computing" the award, not for relitigating whether the arbitrator "made a mistake on the merits." *Grain v. Trinity Health*, 551 F.3d 374, 379 (6th Cir. 2008). Libya's miscalculation argument, which reiterates its unsuccessful merits arguments for a setoff, clearly falls into the latter category.

For these reasons, we affirm the judgment of the district court. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

## Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Michael C. McGrail
Deputy Clerk