IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 8, 2023 Session

## UNIFIRST CORP. v. INDUS. FABRICATION & REPAIR, INC. ET AL.

**Appeal from the Chancery Court for Davidson County**
No. 21-1114-IV      Russell T. Perkins, Chancellor

———————————————

### No. M2022-00625-COA-R3-CV

———————————————

This appeal arises from confirmation of an arbitration award. The appellants objected to confirmation, arguing that they lacked notice of the arbitration. One of the appellants also claimed that it never agreed to arbitrate. The winning party submitted that the objections were untimely and did not state a cognizable ground for vacatur under the Federal Arbitration Act. We vacate and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S. and KRISTI M. DAVIS, J., joined.

Michael R. Franz, Knoxville, Tennessee, for the appellants, Industrial Fabrication & Repair, Inc., and Industrial Fabrication Resources, Inc.

Sarah M. Ferraro, Nashville, Tennessee, for the appellee, UniFirst Corporation.

### OPINION

### I.

Following a payment dispute, UniFirst Corporation initiated an arbitration proceeding against Industrial Fabrication & Repair, Inc. and Industrial Fabrication Resources, Inc. (together, "Respondents"). On October 11, 2021, the arbitrator issued an award finding Respondents jointly and severally liable for $28,267.51 in damages and arbitration costs. When Respondents failed to pay, UniFirst petitioned to confirm the award.

Respondents objected to confirmation. They asserted that they never received any notice of the arbitration. And Industrial Fabrication Resources claimed that it was not a party to the agreement. Thus, it never agreed to arbitrate.

UniFirst argued that Respondents raised their objections too late. The Federal Arbitration Act limited the time frame for challenging an arbitration award to three months after the award was filed or delivered.[1] 9 U.S.C. § 12. Having missed this mandatory deadline, Respondents were not entitled to judicial review of the award. Besides, UniFirst continued, Respondents had not alleged sufficient grounds to vacate an arbitration award under the FAA. *See id.* § 10.

Respondents insisted that their objections were timely. Each entity submitted an affidavit from its company president stating that he first learned about the arbitration when he was served with UniFirst's confirmation petition.

The trial court confirmed the award. *See id.* § 9. It determined that Respondents missed the statutory timeframe for filing a motion to vacate, modify, or correct the arbitration award. *Id.* § 12. And it agreed that Respondents had not asserted a cognizable ground to vacate the award under the FAA. *See id.* § 10(a).

## II.

When reviewing a trial court's decision to confirm an arbitration award or its refusal to vacate an award, we accept the court's findings of fact unless they are clearly erroneous. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947-48 (1995); *Arnold v. Morgan Keegan & Co.*, 914 S.W.2d 445, 450 (Tenn. 1996). But we decide questions of law de novo. *First Options of Chicago, Inc.*, 514 U.S. at 947-48. Statutory interpretation is a question of law. *Lawson v. Hawkins Cnty.*, 661 S.W.3d 54, 59 (Tenn. 2023).

### A.

Under the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. And "objections that might have formed the basis for a timely action to vacate an award may not be raised as defenses in an action to confirm the award after the limitations period for an action to vacate has expired." *Occidental Chem. Corp. v. Int'l Chem. Workers Union*, 853 F.2d 1310, 1316 (6th Cir. 1988).

---

[1] The arbitration provision specified that the parties would resolve their disputes through binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association and that the Federal Arbitration Act would govern.

2

The trial court found that Respondents served their objections to confirmation outside of the permitted three-month period. The "operative act to trigger th[e] three-month-period is the filing or delivery of the award." *Tallakoy, LP v. Black Fire Energy, Inc.*, 680 Fed. Appx. 441, 445 (6th Cir. 2017). The parties agree that the arbitration award was filed on October 11, 2021. If the limitation period is calculated from the date of filing, Respondents' objections were untimely.

Respondents insist that their objections were timely because they served their answers on UniFirst within three months of the date the award was delivered. They contend that the award was delivered when it was received. The record reflects that they first received a copy of the award on January 11, 2022.

The FAA does not define "delivered." *See* 9 U.S.C. § 12. So we must give this term a natural and ordinary meaning in the statutory context. *See Lawson*, 661 S.W.3d at 59. One meaning of "deliver" is "to bring or transport to the proper place or recipient; distribute." AMERICAN HERITAGE DICTIONARY (5th ed. 2016). So interpreting "delivered" as the date the award was received "comports with ordinary meaning." *Nordahl Dev. Corp., Inc. v. Salomon Smith Barney*, 309 F. Supp. 2d 1257, 1269 (D. Or. 2004), *aff'd sub nom. Olson v. Salomon Smith Barney, Inc.*, 137 Fed. Appx. 972 (9th Cir. 2005). Other courts have reached this same conclusion. *See, e.g.*, *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 (10th Cir. 2007); *Sargent v. Paine Webber, Jackson & Curtis, Inc.*, 882 F.2d 529, 531 (D.C. Cir. 1989); *Silicon Power Corp. v. Gen. Elec. Zenith Controls, Inc.*, No. CIV. A. 08-4331, 2009 WL 1971390, at *4-5 (E.D. Pa. July 7, 2009); *ABNL Ltd. v. Baker Hughes Process Sys.*, No. CV H-04-4662, 2005 WL 8164068, at *7 (S.D. Tex. May 16, 2005); *Eagle Energy, Inc. v. Dist. 17, United Mine Workers of Am.*, 177 F.R.D. 357, 357 (S.D. W. Va. 1998).

But, as UniFirst points out, the arbitration provision in this case incorporated the Commercial Arbitration Rules of the American Arbitration Association. And those rules include a definition for "delivery of award." Based on that definition, UniFirst urges this Court to construe "delivered" as the date the award was placed in the mail.

UniFirst's argument is appealing. "[A]rbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528 (2019). If the parties mutually agreed to be bound by the AAA Commercial Arbitration Rules, those rules became part of the arbitration contract. *See Lasco Inc. v. Inman Constr. Corp.*, 467 S.W.3d 467, 473 (Tenn. Ct. App. 2015). In this context, courts will give effect to the definition of "delivery" mutually agreed upon by the contracting parties. *See Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 572-73 (7th Cir. 2007) (concluding the "clear mutual consent to service by mail, coupled with the definition of 'delivery' as placement in the mail, establish that, at least for purposes of this case, the award was 'delivered' . . . when the AAA case manager placed the award in the

3

mail"); *Domnarski v. UBS Fin. Servs., Inc.*, 919 F. Supp. 2d 183, 185 (D. Mass. 2013) (reasoning that "delivery" meant "date of mailing" based on definition in FINRA Code).

But here UniFirst's date-of-mailing argument fails as a matter of proof. The arbitration rule that UniFirst cites is not a part of the appellate record. *See In re Dakota C.R.*, 404 S.W.3d 484, 502 (Tenn. Ct. App. 2012) ("[A]ttaching a document to a party's appellate brief does not make the document part of the appellate record."). So we may not consider it. *UT Med. Group, Inc. v. Vogt*, 235 S.W.3d 110, 122 (Tenn. 2007); TENN. R. APP. P. 13(c). More importantly, the date the award was placed in the mail or otherwise served is not in the record. The arbitration award does not include a certificate of service. And UniFirst did not submit any other evidence that supplied this missing information.

So the trial court's finding that Respondents' objections were untimely was clearly erroneous. The undisputed evidence in the record reflects that the award was filed on October 11, 2021, but it was not delivered until it was received on January 11, 2022. Respondents served their defenses to confirmation on or about February 18, 2021, well within the permitted three months.[2]

This conclusion does not end our analysis. The trial court also determined that Respondents did not assert a cognizable ground to vacate the arbitration award.

B.

Section 10 of the FAA provides the exclusive grounds for vacating an arbitration award. *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 589 (2008); *Grain v. Trinity Health, Mercy Health Servs. Inc.*, 551 F.3d 374, 377 (6th Cir. 2008). A court may vacate an arbitration award

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

---

[2] Contrary to UniFirst's argument on appeal, a formal motion to vacate the award was unnecessary. *See McLaurin v. Terminix Int'l Co.*, LP, 13 F.4th 1232, 1241 (11th Cir. 2021) ("[A] party may raise the grounds under Section 10 and Section 11 as defenses to a motion to confirm an arbitration award so long as those defenses are timely."); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984) (explaining that 9 U.S.C. § 12 bars an untimely effort to vacate an arbitration award whether raised in a formal motion to vacate or "as a defense to a motion to confirm"); *Hughes Socol Piers Resnick & Dym, Ltd. v. G3 Analytics, LLC*, 336 F. Supp. 3d 924, 931 (N.D. Ill. 2018) (reasoning that "the language of § 12 is broad and applies to *any* 'motion to vacate, modify, or correct an award' under the FAA, including defenses raised against petitions to confirm awards").

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Respondents asserted that they never received any notice of the arbitration and, thus, had no opportunity to present evidence to the arbitrator. Lack of notice is not one of the grounds listed in § 10(a). *Gingiss Int'l, Inc. v. Bormet*, 58 F.3d 328, 331 (7th Cir. 1995). Yet "[a]ll parties in an arbitration proceeding are entitled to notice and an opportunity to be heard." *Totem Marine Tug & Barge, Inc. v. N. Am. Towing, Inc.*, 607 F.2d 649, 650 (5th Cir. 1979); *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 624 (6th Cir. 2002). Federal courts recognize that lack of notice, if proven, may warrant vacatur under the FAA. *See, e.g.*, *21st Century Fin. Servs., L.L.C. v. Manchester Fin. Bank*, 747 F.3d 331, 335 n.8 (5th Cir. 2014) (acknowledging, without deciding, that a lack-of-notice claim may fall within § 10(a)(1) or (4)); *Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC*, 519 F.3d 200, 209 (4th Cir. 2008) (reviewing lack-of-notice claim under § 10(a)(4)); *Teamsters Loc. 312 v. Matlack, Inc.*, 118 F.3d 985, 994 (3d Cir. 1997) ("[I]t has become axiomatic that a district court may vacate an award if a party to an arbitration proceeding has not been given notice and opportunity to present arguments and evidence on the merits of the dispute."); *Carpenters 46 N. Cal. Cntys. Conf. Bd. v. Zcon Builders*, 96 F.3d 410, 413 (9th Cir. 1996) (considering "whether the notice given to [a party] was so inadequate as to deny it a fundamentally fair hearing" under § 10(a)(3)); *Gingiss Int'l, Inc.*, 58 F.3d at 331 (considering whether lack of notice warranted vacatur under § 10(a)(3)).

Based on the federal precedent, we conclude that an absence of notice may warrant vacatur under the FAA. Respondents contend that the arbitrator, in issuing the award without ensuring that they received adequate notice of the arbitration, exceeded his powers or so imperfectly executed them that a mutual, final, and definite award was never made. *See* 9 U.S.C. § 10(a)(4). Courts have vacated arbitration awards on this basis. *See, e.g., Choice Hotels Int'l, Inc.*, 519 F.3d at 209 (affirming the trial court's vacatur of an arbitration award because the arbitrator failed to ensure that notice of the initiation of arbitration was provided in accordance with the arbitration contract). But the burden of proof is great. *See 21st Fin. Servs., L.L.C.*, 747 F.3d at 337-38 (explaining that the proponent must establish a lack of both actual and constructive notice).

Here, the trial court refused to hear Respondents' proof. UniFirst contends that this error was harmless because the arbitrator resolved the notice issue. We disagree. When a

party asserts that it did not receive notice of an arbitration, courts do not defer to an arbitrator's finding to the contrary. *See id.* at 336-37; *Choice Hotels Int'l, Inc.*, 519 F.3d at 205, 209; *Carpenters 46 N. Cal. Cntys. Conf. Bd.*, 96 F.3d at 413. Respondents are entitled to an opportunity to prove that they lacked sufficient notice of the arbitration.

C.

Industrial Fabrication Resources argued separately that it never agreed to arbitrate this dispute. "[A]rbitration under the [FAA] is a matter of consent, not coercion." *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 478 (1989). A party cannot be required to submit to arbitration unless he agreed to do so. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 647 (1986). If Industrial Fabrication Resources did not agree to arbitration, the arbitrator had no authority to issue an award against it. *See* 9 U.S.C. § 10(a)(4); *Rapid Settlements, Ltd. v. Green*, 294 S.W.3d 701, 706 (Tex. App. 2009) (concluding that "arbitrator exceeded his powers in issuing an award against a party not subject to arbitration"); *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007) ("The authority of the arbitral panel is established only through the contract between the parties who have subjected themselves to arbitration, and a panel may not exceed the power granted to it by the parties in the contract.").

The only parties to the agreement were UniFirst and Industrial Fabrication & Repair. Industrial Fabrication Resources never signed the contract. But "parties can become contractually bound absent their signatures." *Harvey ex rel. Gladden v. Cumberland Tr. & Inv. Co.*, 532 S.W.3d 243, 265 (Tenn. 2017) (quoting *Fisser v. Int'l Bank*, 282 F.2d 231, 233 (2d Cir. 1960)). And UniFirst claimed that Industrial Fabrication Resources was contractually bound because it was the successor to one of the contracting parties.

The trial court erred when it confirmed the arbitration award without deciding whether the arbitration provision was binding on Industrial Fabrication Resources. Industrial Fabrication Resources raised a contract formation issue. This was a question for the court to resolve, not the arbitrator. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298 (2010); *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022); *Rowland v. Sandy Morris Fin. & Est. Planning Servs., LLC*, 993 F.3d 253, 257 (4th Cir. 2021); *Fedor v. United Healthcare, Inc.*, 976 F.3d 1100, 1105 (10th Cir. 2020). Courts owe no deference to the arbitrator when deciding contract formation issues. *DK Joint Venture 1 v. Weyand*, 649 F.3d 310, 317 (5th Cir. 2011); *Galindo v. Lanier Worldwide, Inc.*, 526 S.E.2d 141, 145-46 (Ga. App. 1999); *see also Town & Country Salida, Inc. v. Dealer Computer Servs., Inc.*, 521 Fed. Appx. 470, 474 (6th Cir. 2013) (explaining that "courts need not defer to the arbitrators [on contract formation issues] because if a party did not agree to arbitration, the arbitrators have no authority to issue an award"). The court must resolve this issue independently using ordinary state law contract principles. *First Options of Chicago, Inc.*, 514 U.S. at 944; *Harvey ex rel. Gladden*, 532 S.W.3d at 265.

6

**III.**

Because Respondents served timely objections to confirmation and they asserted cognizable grounds to vacate the award, we vacate the trial court's decision. We remand this case for the court to resolve the objections to confirmation. The court should first determine whether the arbitration provision was binding on Industrial Fabrication Resources. If Industrial Fabrication Resources did not agree to arbitration, the court must vacate the arbitration award against it. The court must also decide, based on the proof presented, whether the award should be vacated because Respondents did not receive adequate notice of the arbitration.

_s/ W. Neal McBrayer_
W. NEAL MCBRAYER, JUDGE